## THE HERRESHOFF.

(District Court, D. Rhode Island.    June 24, 1925.)

### No. 1562.

**Shipping ⬤⟼16—Pleasure yacht subject to forfeiture for carrying cargo for pay.**

A motorboat, enrolled and licensed as a pleasure yacht under Rev. St. § 4214, as amended (Comp. St. § 7804), caught after a chase by the Coast Guard and found laden with 400 cases of liquors, held subject to forfeiture as engaged in the transportation of merchandise for pay.

In Admiralty. Libel by the United States for forfeiture of the gas screw yacht Herreshoff. Decree of forfeiture.

Norman S. Case, U. S. Atty., and Harold A. Andrews, Asst. U. S. Atty., both of Providence, R. I.

Daniel T. Hagan and Chas. A. Kiernan, both of Providence, R. I., for defendant.

MORTON, District Judge. The Herreshoff, a powerful motorboat registered as a yacht, was sighted by the Coast Guard boat at 9:30 p. m. on October 11, 1924, in the western entrance to Narragansett Bay. She was chased into the bay for 20 or 25 miles by the Coast Guard boat, which was firing on her from time to time. She was finally run ashore, riddled with bullet holes, and her crew escaped. She was loaded with about 400 cases of whisky and champagne. No evidence was offered for the defendants.

The charges against this boat are:

(1) That she had taken part in an unlawful transshipment of merchandise within four leagues of the coast of the United States;

(2) That she was used for the removal, deposit, and concealment of goods upon which a tax or tariff was imposed; and

(3) That, while enrolled as a pleasure vessel, she was engaged in the transportation of merchandise for pay.

It does not appear where she obtained her cargo of liquor. The first charge is not sustained.

The facts do not support the second charge, upon a correct understanding of the statute. U. S. v. One Buick Automobile (D. C.) 300 F. 584, 587.

As to the remaining charge, it is contended for the boat that the evidence does not show that she was engaged in the transportation of merchandise for pay. It is true that there is no direct evidence that such was the fact. She had on board, however, more than 400 cases of liquor and wine, and she was only taken after a running fight lasting 20 or 25 miles. It was obviously a commercial undertaking in which she was engaged. There can be no doubt that her service was paid for.

Let there be a decree of forfeiture upon this ground.