## SEIJO v. UNITED STATES.

Circuit Court of Appeals, First Circuit.
August 2, 1927.

No. 2037.

Customs duties ☜130(11)—Schooner used to introduce liquor into Porto Rico held not subject to forfeiture, absent imposition of any penalty on master or mate (Tariff Act 1922 [19 USCA §§ 486, 498]; 19 USCA § 483).

Schooner used in an effort to enter and introduce intoxicating liquor into the district of Porto Rico from the French West Indies held not subject to forfeiture under Tariff Act 1922, §§ 584, 594 (19 USCA §§ 486, 498), or Rev. St. § 3062 (19 USCA § 483), in absence of imposition of any penalty on master or schooner's first mate.

Appeal from the District Court of the United States for the District of Porto Rico; Ira K. Wells, Judge.

Libel by the United States against the American schooner Ernestina; Sergio Seijo, claimant. From a decree for libelant, claimant appeals. Decree vacated, and case remanded, with directions to dismiss.

Hugh R. Francis, of San Juan, Porto Rico, for appellant.

Jesus A. Gonzalez, Asst. U. S. Atty. (John L. Gay, U. S. Atty., of San Juan, Porto Rico, on the brief), for the United States.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. This is an appeal from a decree of forfeiture by the United States District Court for Porto Rico of the American schooner Ernestina, under sections 584 and 594 of the Tariff Act of 1922 (19 USCA §§ 486, 498) and section 3062 of the Revised Statutes of the United States (19 USCA § 483).

In the libel on which forfeiture of the schooner was sought, it is alleged that the Ernestina cleared from San Martin, French West Indies, on October 19, 1925, for San Juan, Porto Rico, with a cargo, as shown by its manifest, of 700 barrels of salt in bulk, consigned to an inhabitant of San Juan; that on or about the 20th day of October, 1925, the schooner was overhauled by a United States Coast Guard cutter at a point approximately 7 miles from the coast of Porto Rico, and a large quantity of liquors was found concealed beneath the salt; that these liquors did not appear upon the manifest submitted by the master of the schooner to the boarding officers of the Coast Guard; that the schooner was seized and towed into the harbor of San Juan, and delivered to the collector of customs for the district of Porto Rico, who seized and held her to respond to the payment of duties upon the liquors found aboard, and for such other penalties as might be imposed upon the schooner, her master or mate, by any decree, order or sentence of the District Court of Porto Rico, as provided in sections 584 and 594 of the Tariff Act of 1922 and section 3062 of the Revised Statutes; that the liquors found aboard the schooner belonged to her master, Anselmo Alvarez, and the first mate, Jose Angel Mata, and had not been invoiced or manifested as provided by law.

Alvarez and Mata, the master and first mate, respectively, of the schooner, were indicted for attempting to enter and introduce into the district of Porto Rico from San Martin, French West Indies, a country foreign to the United States, intoxicating liquors found aboard the schooner when seized, with intent to defraud the United States of the customs duties upon said liquors in violation of the provisions of section 591 of the Tariff Act of 1922, 42 Stat. 981 (19 USCA § 493). Upon trial in the District Court, the master was acquitted, and Mata, the first mate, was found guilty. Appeal was taken by him to this court, and in its opinion, announced May 17, 1927, the judgment of the District Court was vacated, and the verdict set aside.

Section 584 of the Tariff Act of 1922 provides in substance, so far as applicable, a penalty of $500 to be paid by the master of a vessel who does not produce its manifest to the officer demanding the same, and also that, if any merchandise is found on board a vessel which is not included or described in its manifest, the master of the vessel shall be liable to a penalty equal to the value of the merchandise so found.

Section 594 of the same act is, in part, as follows: "Whenever a vessel or vehicle, or the owner or master, conductor, driver, or other person in charge thereof, has become subject to a penalty for violation of the customs revenue laws of the United States, such vessel or vehicle shall be held for the payment of such penalty and may be seized and proceeded against summarily by libel to recover the same."

Section 3062 of the Revised Statutes relates to the seizure of vehicles, and beasts used in drawing the same, and the merchandise concealed in the former. The preceding section, Revised Statutes, § 3061 (19 USCA § 482), confers upon officers authorized to board or search vessels the right to stop, search, and examine any vehicle, beast, or person on which or whom they suspect there is merchandise subject to duty.

No penalty has been imposed upon the master of the schooner, or the first mate, the former of whom was acquitted by the jury under the indictment charging an attempt to introduce merchandise from a foreign country by concealing the same and thus defrauding the United States of its revenues; and this court has set aside the verdict returned against the first mate. Nor has there been any adjudication of a violation of the customs revenue laws of the United States by the schooner. Under section 594 of the Tariff Act of 1922 the schooner is only to be seized and proceeded against by libel to recover a penalty which may have been imposed for the violation of the customs revenue laws, either by the owner, master, or other person in charge of the schooner, or herself, and it is only for the payment of such penalty that the schooner could be seized and proceeded against summarily by libel to recover the same. As no penalties have been imposed, there is, therefore, no basis for the decree of condemnation and forfeiture.

The decree of the District Court is vacated, and the case is remanded to that court, with directions to dismiss the libel.