### THE MOTORBOAT.

### THE THRONDYKE.
#### Nos. 7336, 7429.

District Court, D. New Jersey.
Oct. 27, 1931.

No. 7336:

Phillip Forman, U. S. Atty., of Trenton, N. J., for the United States.

Louis N. Freeman, of Newark, N. J., and Louis Halle, of New York City, for claimant.

No. 7429:

Phillip Forman, U. S. Atty., of Trenton, N. J., for the United States.

Frederic M. P. Pearse, of Newark, N. J., for claimant.

BOURQUIN, District Judge.

Without details, it suffices to say that in the first libel it appears the customs patrol pursued the boat to a tieup at Weehawken wharf, boarded and found it abandoned by the crew, no manifest or other papers, laden with intoxicating beverages of foreign label, without evidence of taxes paid, of value $6,765, and seizure was followed by this libel. The boat is of federal number.

In the second libel, it likewise appears the Coast Guard in the nighttime observed the schooner some five miles off Atlantic City proceeding towards the coast, without lights, and, after some pursuit, boarding her. found her without manifest, save of "one lot of divers merchandise," laden with intoxicating beverages of foreign label, without evidence of taxes paid, cargo partly broken out, of value $99,150, and seizure some five miles from the coast was likewise followed by libel. The schooner is of English registry.

That these vessels were "bound to the United States," with taxable articles therein "deposited or concealed," with intent to somehow land them and defraud the United States of duties thereon, is clear.

Amongst other things, the claimant contends that by virtue of the Richbourg Case, 281 U. S. 529, 50 S. Ct. 385, 74 L. Ed. 1016, 73 A. L. R. 1081, not libel but only proceedings invoking section 40, tit. 27, USCA, are lawful, in respect to the motorboat.

Had not the master and crew deserted and thus defeated such proceedings, the contention might be sound. As it is, the customs and revenue statutes have full application. Hence, by reason of manifest absent, the boat is subject to sale for the amount of the penalty equal to the value of the beverages to which the master is subject, and by reason of the intent to defraud of taxes (duties) the beverages and boat are subject to forfeiture. See sections 486, 498, 1584, 1594, tit. 19, USCA; section 1181, tit. 26, USCA.

In respect to both vessels, claimants contend the vessels cannot be held liable until in some proceeding against the masters the penalty has been imposed, citing Seijo v. U. S. (C. C. A.) 20 F.(2d) 904.

That case is opposed to the great weight of authority enduring for years and by it ignored, and has no support in principle.

See The C. G. White (C. C. A.) 64 F. 579 and citations. For a master or other agents delicts, the vessel or other principal can be pursued without resort first or at all to the former.

The statutes in aid of the revenue, and liberally construed to that end, in neither letter nor spirit require such resort. They provide that, if manifest is absent, the master "shall be liable to a penalty," and, if he "has become subject to a penalty," the vessel shall pay it.

"Subject to a penalty" is but a synonym for "liable to a penalty," and does not import the penalty need be imposed on the master before the vessel shall pay. The obvious difficulties otherwise are apparent in the motorboat libel wherein the unknown master has fled.

In both cases, probable cause appearing (sections 525, 1615, tit. 19, USCA), imposes the burden of proof upon claimants to absolve vessels and beverages from culpability (see Locke Case, 7 Cranch, 347, 3 L. Ed. 364), and they have failed.

The court finds the allegations of the libels in so far as the statutes cited apply are true, and libelant entitled to decrees as prayed, viz. in the first libel to a penalty of $6,765 and forfeiture of the boat, and in the second libel to a penalty of $99,150 and sale of the boat to pay it.

The second libel failing to count upon intent to defraud the United States of taxes, section 1181, supra, does not apply.

Decrees accordingly.