THE AMRIALD.

(District Court, D. Rhode Island.   June 24, 1925.)

No. 1559.

Shipping ⬦16—Coastwise vessel held subject to forfeiture for bringing in liquor.

A vessel licensed for coastwise trade, found bringing in a cargo of more than 400 cases of alcohol, *held* subject to forfeiture under Rev. St. § 4377 (Comp. St. § 8132), for trading outside her license.

In Admiralty. Libel by the United States for forfeiture of the gas screw auxiliary schooner Amriald. Decree of forfeiture.

Norman S. Case, U. S. Atty., and Harold A. Andrews, Asst. U. S. Atty., both of Providence, R. I.

Daniel T. Hagan, of Providence, R. I., for defendant.

MORTON, District Judge. This is a libel for forfeiture under the revenue acts and under the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). The facts are as follows: The Amriald was seized about 3 a. m. on November 15, 1924, in the west passage of Narragansett Bay, near Plum Beach Light, about 15 miles north of Point Judith. She was running without lights and had 400 cases of alcohol on board. She was enrolled as a coasting vessel. No evidence was offered for the vessel.

Many causes of forfeiture are alleged in the libel:

(1) That the vessel was engaged in a trade other than that for which she was licensed. R. S. § 4377 (Comp. St. § 8132).

(2) That the vessel proceeded on a foreign voyage without first giving up her license to the collector of the district. R. S. § 4337 (Comp. St. § 8086).

(3) That the vessel had taken part in an unlawful transshipment of merchandise within four leagues of the coast of the United States. Section 587, tit. 4, of the Tariff Act of 1922 (Comp. St. Ann. Supp. 1923, § 5841h6).

(4) That the vessel was used for the removal, deposit, and concealment of goods upon which a tax or tariff was imposed. R. S. § 3450 (Comp. St. 6352).

There is no general charge of smuggling, under section 593 of the Tariff Act of 1922, which is the offense for which the vessel is really proceeded against. It is unfortunate that such a proceeding should by the multiplication of apparently technical charges be given the appearance of an effort to forfeit the vessel on any available ground, whether meritorious or not, and at the conclusion of the hearing I expressed the opinion that forfeiture ought not to be decreed on such technical charges, if that result could be avoided. Upon further consideration, and upon an examination of the decisions, I am satisfied that the charge of trading outside her license ought, under the circumstances here discussed, to be regarded as a serious offense. U. S. v. The Mars, Fed. Cas. No. 15,723 (C. C. Mass. 1812); The Julia, Fed. Cas. No. 7,574 (C. C. Mass. 1812); The Resolution, Fed. Cas. No. 11,709 (C. C. Mass. 1814); The Good Templar (D. C.) 97 F. 651 (1899). While it is technical in character, and the statute is easily capable of abuse, this is not such a case. The evidence amply sustains this charge, and forfeiture will be decreed upon it. It is unnecessary to pass upon the other charges.

Decree for forfeiture.