## THE ESTHER M. RENDLE.

## RENDLE v. UNITED STATES.

(Circuit Court of Appeals, First Circuit. July 2, 1926.)

No. 1930.

Shipping ⊚⟜16—Tug licensed for coasting trade, in towing lighter loaded with alcohol from vessel at sea to harbor of United States, held subject to forfeiture, as employed in trade other than that for which she was licensed (Rev. St. § 4377 [Comp. St. § 8132]).

A tug licensed for the coasting trade, the license also providing that she should not be used for any trade or business whereby the revenue of the United States may be defrauded, in towing a lighter, loaded with a large number of cases of alcohol, from an unknown vessel on the high seas into a harbor of the United States, was employed in a trade other than that for which she was licensed, and is subject to forfeiture, under Rev. St. § 4377 (Comp. St. § 8132).

Appeal from the District Court of the United States for the District of Massachusetts; James Arnold Lowell, Judge.

Libel by the United States against the steam tug Esther M. Rendle; George T. Rendle, claimant. Decree of forfeiture, and claimant appeals. Affirmed.

George L. Dillaway, of Boston, Mass., for appellant.

George R. Farnum, Asst. U. S. Atty., of Boston, Mass. (Harold P. Williams, U. S. Atty., of Boston, Mass., on the brief), for the United States.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. This is a libel in admiralty for the forfeiture of the steam tug Esther M. Rendle. It has been before this court once before, and in an opinion handed down September 9, 1925 (7 F. [2d] 545), the decree of the District Court (5 F.[2d] 1007) was reversed, and the case remanded to that court for further action not inconsistent with that opinion.

The original libel was then amended by adding an article that, in substance, provided that the Rendle did knowingly engage in an illegal trade or traffic, which constituted a violation of her license and rendered her liable to forfeiture under the provisions of section 4377 of the Revised Statutes of the United States (Comp. St. § 8132); that this illegal trade or traffic consisted in an attempt to introduce a cargo of alcohol into the commerce of the United States by fraud, within the prohibition of the Act of September 21, 1922, c. 356, tit. 4, § 591 (Comp. St. Ann. Supp. 1923, § 5841h10); and that she did, within the territorial waters of the United States, transport alcohol fit for use for beverage purposes as prohibited by the Act of October 28, 1919, c. 85, tit. 2, § 3 (Comp. St. Ann. Supp. 1923, § 10138½aa), commonly known as the National Prohibition Act. After this amendment the libel was heard upon the following agreed statement of facts:

"For the purpose of hearing and decision in the above cause, and to be used for no other purpose, it is agreed that on or about the 6th day of February, 1925, the said steam tug, her master and crew, proceeded from Provincetown, in said district, to a certain vessel on the high seas, the particular description of which is unknown, and being about 20 miles from the coast of said district, without first having given up her enrollment and license to the collector of the district comprehending the said Provincetown, to wit, Boston, and without being duly registered by said collector; that the said steam tug, in proceeding on said voyage, did have in tow another vessel, to wit, a lighter, sometimes known as Pratt, or as No. 10, and did place the said lighter alongside of the aforesaid vessel lying on the high seas as aforesaid; that certain merchandise, to wit, a large number of cases of alcohol, were unladen from said unknown vessel onto said lighter, and that the said steam tug thereafter towed the said lighter containing the said alcohol to and into the United States at said Boston Harbor; that the said unlading of said alcohol was done with the knowledge of

the persons at the time in charge of the said steam tug.

"In stipulating as above, the claimant agrees to facts as stipulated, but not to any statement of law, and reserves all right to contest the legal liability of the said steam tug under the facts as stipulated above."

The District Court has entered a decree of condemnation and forfeiture, from which the claimant, George T. Rendle, has appealed.

Forfeiture was decreed under R. S. § 4377 (Comp. St. § 8132), which reads as follows:

"Whenever any licensed vessel is transferred, in whole or in part, to any person who is not at the time of such transfer a citizen of and resident within the United States, or is employed in any other trade than that for which she is licensed, or is found with a forged or altered license, or one granted for any other vessel, such vessel with her tackle, apparel, and furniture, and the cargo, found on board her, shall be forfeited. But vessels which may be licensed for the mackerel fishery shall not incur such forfeiture by engaging in catching cod or fish of any other description whatever."

The tugboat was licensed to engage in the coastwise trade, and when the case was formerly before us we stated in our opinion:

"Although the tug was licensed to engage in coastwise trade, its employment in illegal trade or traffic, whether coastwise or foreign, would subject it to forfeiture under R. S. § 4377, as being employed in trade other 'than that for which she is licensed.'"

The following cases were cited in support of this statement: The Mars, Fed. Cas. No. 15,723 (C. C. Mass.); The Resolution, Fed. Cas. No. 11,709; The Julia, Fed. Cas. No. 7,574 (C. C. Mass.); The Good Templar (D. C. Mass.) 97 F. 651.

The claimant contends that the amendment to the libel should not have been allowed; that the tugboat was seized by the United States customs officers for "violation of the customs laws of the United States and

in fraud of the revenue of the United States"; that the tugboat was not seized nor proceeded against for violation of the National Prohibition Act; and that the government cannot, after its seizure for violation of the customs laws and bringing proceedings of forfeiture for such violation, add by law a new cause of forfeiture which the customs officials have nothing to do with enforcing, and which has nothing to do with the customs laws. He also contends, if a vessel violating the National Prohibition Act can be held under section 4377 as employed "in any other trade than that for which she is licensed, that she did not, in towing a lighter loaded with alcohol as stipulated, herself transport the alcohol; that the National Prohibition Act penalizes only the vessel or vehicle containing the contraband merchandise, and that this is true of the Tariff Act and other statutes of forfeiture"; and he contends that to construe the law to cover a tugboat which is towing a lighter loaded with intoxicating liquors in the territorial waters of the United States is not within the ordinary meaning of the language used in the statute, and not within the contemplation of Congress.

We think the amendment to the libel was properly allowed. The license under which she was being operated was set out in the original libel, and section 4377 provides for the forfeiture of a vessel "employed in any other trade than that for which she is licensed."

Upon consideration of the agreed facts and further consideration of the case, we think that the Rendle, in towing a lighter loaded with a large number of cases of alcohol from an unknown vessel lying upon the high seas into the territorial waters of the United States, in violation, not only of the customs laws, but of the National Prohibition Act, was employed in a trade other than that for which she was licensed, and that, under R. S. § 4377, she was liable to forfeiture.

The decree of the District Court is affirmed.