## THE LORRAINE RITA et al.

(District Court, E. D. Pennsylvania. October 4, 1926.)

### No. 29.

1. **Shipping ⬅➡16—Tug licensed for coasting trade, found loaded with liquor, held engaged in trade other than for which licensed, and with cargo subject to forfeiture (Comp. St. § 8132).**

Tug licensed for coasting trade, found loaded with cargo of liquor, *held* engaged in a trade other than that for which she was licensed, and with her cargo subject to forfeiture, under Rev. St. § 4377 (Comp. St. § 8132), though place of her loading or destination were not shown.

2. **Shipping ⬅➡16—Defect in allegation of fact basis for forfeiture of tug held such as could be cured by amendment (Comp. St. § 8132, admiralty rule 21).**

Failure of libel for forfeiture of tug, under Rev. St. § 4377 (Comp. St. § 8132) to allege a sufficient fact basis in compliance with admiralty rule 21 for the application of that statute, *held* such as could be cured by amendment, which was authorized.

In Admiralty. Libel by the United States against the steam tug Lorraine Rita and others. Decree for the United States.

See, also, 6 F.(2d) 175.

George W. Coles, U. S. Atty., of Philadelphia, Pa.

H. M. Long and B. M. Golder, both of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. A ruling in this cause has been delayed because of a misunderstanding over its being ripe for decision. The libel as amended is one for the forfeiture of the vessel and her cargo because of violations of the customs and shipping laws.

The evidence amply warrants the finding that the cargo of the tug consisted of liquors intended for unlawful sale in the United States, and that the tug was the vehicle of transportation. The place of loading and that of destination are alike unknown. The cargo was, however, put upon the tug some-

where, and the inference is justified that the tug was bound somewhere. The port of sailing and arrival must either or both have been within or without the territorial limits of the United States. If the tug was here loaded, there was admittedly an unlawful transportation; and if she was bound either from or to a foreign port, there was as clear a departure from a coastwise voyage. There is in consequence certainty of the guilt of the tug.

[1] When there are only two fact possibilities, either of which imputes guilt, and each and both are averred, we see nothing but casuistry in the distinction that the finding of guilt must be refused because the proofs, although they make guilt certain, do not distinguish the acts which are alike those of guilt. In the instant case, as we have said, there is certainty that the tug had sailed from either a domestic or a foreign port, and was bound to either one or the other. As the inference of guilt flows from one fact as well as the other, of what importance is it which is present? The importance turns, not upon the question of guilt, but upon the other question of whether the penalty of forfeiture has been incurred.

It has been conceded by counsel for libelant that, as the cargo could not be found to have been within the territorial limits of the United States, and has not been brought within section 26 of title 2 of the National Prohibition Act (Comp. St. § 10138½mm), the forfeiture must be based upon a violation of the custom laws. This concession limits our inquiries. The tug was an American documented vessel, licensed for the "coasting trade." If she had become "foreign," counsel for the claimant admit a cause of forfeiture. This fact, however, cannot be found. R. S. § 4377 (Comp. St. § 8132), provides that, if the tug was employed in a trade other "than that for which she is licensed," forfeiture follows. This finding can be and is made. Its basis is that she loaded and sailed from a domestic port, or was "foreign," and the conclusion reached follows, without the necessity of finding the particular act of which she was guilty. This is true because, if she came from a foreign port, or if from a domestic port, she has alike subjected herself and cargo to forfeiture, and that she did one or the other is certain.

[2] We are relieved by the concessions made from discussing several very interesting questions raised or suggested by the very able arguments submitted. One point made remains. Originally there were two libel proceedings— the one of the caption and the other cause No. 106 of 1925. The latter was incorporated with and made part of the former by amendment, so that the proceeding is now against tug and cargo under R. S. § 4377. The last-named proceeding has been abandoned. It is urged that the only reference in the libel to any fact basis for the application of R. S. § 4377, is the general averment that under it the vessel and cargo "are liable to forfeiture." This is urged to be not a compliance with rule 21 of the revised General Rules in Admiralty. We have not the libel before us. If there be an absence of the necessary fact averments, the defect may be cured by amendment, and jurisdiction of the cause is retained for this purpose. The ruling made is based upon the following fact finding and conclusions of law.

#### Fact Finding.

(1) The respondent tug engaged in a trade other than that for which she was licensed.

#### Conclusions of Law.

(1) The tug and cargo have incurred a forfeiture.

(2) A decree sustaining the libel and of forfeiture may be submitted, with an allowance of costs against the claimant.