## THE MINEOLA.

## MACHADO v. UNITED STATES.

(Circuit Court of Appeals, First Circuit.
January 18, 1927.)

### No. 2035.

1. Shipping ⚬16—Owner leasing vessel' cannot plead lack of knowledge as ground for resisting forfeiture for engaging in unlicensed trade (Comp. St. § 8132).

Owner, having leased vessel, cannot plead lack of knowledge as ground for resisting forfeiture, under Rev. St. § 4377 (Comp. St. § 8132), for engaging in trade other than that for which she was licensed.

2. Shipping ⚬16—Evidence held to sustain finding that vessel was used by lessee in violation of license authorizing forfeiture (Comp. St. § 8132).

Evidence *held* sufficient to sustain finding that vessel was used by lessee in violation of her license, so as to authorize forfeiture under Rev. St. § 4377 (Comp. St. § 8132).

3. Shipping ⚬4—Law authorizing forfeiture of vessel engaging in unlicensed trade held not repealed by Prohibition Act (Comp. St. § 8132; National Prohibition Act, tit. 2, § 26 [Comp. St. § 10138½mm]).

Rev. St. § 4377 (Comp. St. § 8132), authorizing forfeiture of vessel engaging in trade for which she is not licensed, *held* not repealed in part by National Prohibition Act, tit. 2, § 26 (Comp. St. § 10138½mm).

4. Shipping ⚬16—Whether vessel carries intoxicating liquors or other merchandise, when used in unlicensed trade, is immaterial (Comp. St. § 8132).

Under Rev. St. § 4377 (Comp. St. § 8132), forfeiture of vessel is absolute, if she is employed in any other trade than that for which she is licensed, and whether intoxicating liquors or other merchandise are carried in such use is immaterial.

Appeal from the District Court of the United States for the District of Massachusetts; John A. Peters, Judge.

Libel by the United States for the forfeiture of the gas screw schooner Mineola; Manuel C. Machado, claimant. Decree of forfeiture, and claimant appeals. Affirmed.

Joseph Joyce Donahue, of Boston, Mass., for appellant.

George R. Farnum, Asst. U. S. Atty., of Boston, Mass. (Harold P. Williams, U. S. Atty., of Boston, Mass., on the brief), for the United States.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. This was a libel in admiralty for the forfeiture of the gas screw schooner Mineola under section 4377 of the Revised Statutes of the United States (Comp. St. § 8132), which reads as follows:

"Whenever · any licensed vessel is transferred, in whole or in part, to any person who is not at the time of such transfer a citizen of and resident within the United States, or is employed in any other trade than that for which she is licensed, or is found with a forged or altered license, or one granted for any other vessel, such vessel with her tackle, apparel, and furniture, and the cargo, found on board her, shall be forfeited. But vessels which may be licensed for the mackerel fishery shall not incur such forfeiture by engaging in catching cod or fish of any other description whatever."

It is not in dispute that the Mineola was licensed on June 10, 1919, under R. S. § 4321 (Comp. St. § 8069), for carrying on cod and mackerel fisheries.

Upon December 19, 1925, she was leased by the owner, Machado, to one Vieira upon a fishing lay, by which the lessor was to receive for the use of the schooner one-fifth of the gross receipts, clear of any expense.

On the night of December 23d, about 10:30 o'clock, she was observed coming into the harbor of Gloucester, Mass., by officers who, upon information, had been watching for her. She tied up to a wharf there, and the officers saw four or five men coming from her. A warrant was issued for her search and in its execution 136 cases of Scotch whisky and 39 cases of champagne were found in her hold under two feet of cracked ice, mixed with pogies.

One of the officers who made the search testified that he observed no articles of food aboard the boat, except some eggs, and that there were no mattresses in her bunks. Upon her decks were eight or ten trawl tubs and six dories.

The lessee testified that, after obtaining the lease, he looked around for a crew, and, having found two men, they picked up three others, but that none of the crew wanted to leave on a fishing trip until after Christmas; that he left the vessel at the wharf without anybody aboard, and knew nothing about her being used upon the night in question in the transportation of liquor, or that she had any liquor aboard.

The owner, Manuel C. Machado, filed a claim for the schooner, and disclaimed any knowledge that she was to be used for any purpose, except to engage in the fisheries. The lessee testified that he put aboard the vessel about 200 pounds of pogies for bait, gasoline, and food for about three days; that he left the vessel at the wharf, and never

gave anybody permission to use it, and never knew that she had been seized, or that there was any liquor aboard the vessel, until the next morning after the seizure.

It has recently been held by this court in The Esther M. Rendle, 7 F.(2d) 545, that, in a proceeding for forfeiture for the violation of this statute, knowledge or privity of the owner is immaterial; citing United States v. Brig Malek Adhel, 2 How. 210, 11 L. Ed. 239; The Palmyra, 12 Wheat. 1, 6 L. Ed. 531; Dobbins' Distillery v. United States, 96 U. S. 395, 24 L. Ed. 637; Goldsmith-Grant Co. v. United States, 254 U. S. 505, 41 S. Ct. 189, 55 L. Ed. 376.

In Goldsmith-Grant Co. v. United States, supra, the learned judge who wrote the opinion points out that, in proceedings for violation of the revenue laws, "a certain personality and power of complicity and guilt in the wrong" may be ascribed to property, and discusses the analogy between such provision and the law of deodand.

In The Esther M. Rendle, supra, a tugboat towed a lighter out to a vessel upon the high seas, where the lighter was loaded with intoxicating liquors and towed by the tugboat into a harbor, where the tugboat and lighter were seized.

The owner of the tugboat, as claimant, alleged that he had no knowledge of this act of the tugboat, and this court held that lack of knowledge upon his part was immaterial. Although the reason for this holding was not stated, it was because the owner was bound by the acts of the master and crew, and, as it was admitted that the intoxicating liquor was loaded upon the lighter with the knowledge of those in charge of the tugboat, their act was that of the owner.

[1] In the present case the owner intrusted the care, custody, and possession of the Mineola to Vieira, and if he employed it in a trade other than that for which the vessel was licensed, the owner could not plead lack of knowledge as ground for resisting the forfeiture of the offending vessel. That the owner is holden for the acts of the lessee is held in Dobbins' Distillery v. United States, 96 U. S. 395, 402, 24 L. Ed. 637.

Although there was no direct evidence that the lessee employed the Mineola for the purpose of bringing in a cargo of intoxicating liquor, all the circumstances connected with the use of the vessel for this purpose point to knowledge on his part. It is inconceivable that, if the vessel was stolen and used for the purpose of "rum running," she would be brought back by those who had stolen her to the same wharf from which she was stolen. The lessee's testimony that he had put aboard the vessel provisions for a crew of five for two or three days, and had purchased pogies for bait, and intended soon after Christmas to go upon a fishing voyage was contradicted by the officer who went aboard the vessel, and who stated that, after a thorough investigation, the only food he discovered was a few eggs; that there were no mattresses in the bunks; that the pogies which were brought for bait were mixed in with cracked ice, and used as a camouflage to cover the cargo of liquors.

[2] We think all the undisputed facts in regard to the conditions of the vessel, the attempted concealment of the intoxicating liquors with which she was loaded, and her return to the same wharf at which she had been tied up with this cargo of liquors were sufficient to sustain a finding that she was used by the lessee in violation of her license.

[3, 4] There is no merit in the contention, made upon the claimant's brief, that section 4377 was repealed in part by title 2, § 26 of the National Prohibition Act (Comp. St. § 10138½mm). See United States v. One Ford Coupé Automobile, 47 S. Ct. 154, 71 L. Ed. ——, decided by United States Supreme Court November 22, 1926. Under section 4377 the forfeiture of the vessel is absolute, if she is employed in any other trade than that for which she is licensed. The Underwriter (C. C. A.) 13 F.(2d) 433. Whether the vessel carries intoxicating liquors or other merchandise in such other use is immaterial.

The decree of the District Court is affirmed.