## LE BOUEF et al. v. UNITED STATES. THE DEWDROP.

Circuit Court of Appeals, Fifth Circuit.
January 22, 1929.

No. 5294.

Walter J. Gex, of Bay St. Louis, Miss., and Wm. B. Grant, of New Orleans, La. (Gex & Russell, of Bay St. Louis, Miss., on the brief), for appellant.

Alex C. Birch, U. S. Atty., and J. E. Meredith, Asst. U. S. Atty., both of Mobile, Ala.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. The forfeiture of the gas motorboat Dewdrop, with her tackle, apparel, furniture, and cargo, was sought by a libel which contained allegations to the following effect: On or about April 28, 1927, the Dewdrop was granted a permanent license by the United States to engage for the period of one year in the coasting trade, upon the sworn condition that the Dewdrop would not, while said license was in effect, be employed in any trade whereby the revenue of the United States would be defrauded, and that she would not be used for any other employment than as specified in said license. On September 23, 1927, the Coast Guard seized the Dewdrop, her tackle, apparel, equipment, and cargo, while the Dewdrop was afloat upon the navigable waters of the Gulf of Mexico, about 30 miles off the American shore, or the nearest point thereof. At the time of her seizure the Dewdrop had on board a cargo of 327 cases, of two 5-gallon containers each, filled with intoxicating liquor, to wit, alcohol, containing more than one-half of 1 per cent. of alcohol by volume. The Dewdrop at the time of such seizure had on board no manifest for such cargo, and no permit from the Internal Revenue Department to transport or import alcohol. By an agreed statement of facts the above-mentioned allegations were admitted. The claimant of the Dewdrop appealed from the decree forfeiting her.

Any licensed vessel which is employed in any other trade than that for which she is licensed is subject to seizure and forfeiture. U. S. C. tit. 46, § 325 (46 USCA § 325). The unexplained fact that a vessel licensed to be employed in the coasting trade was at sea, with a cargo of merchandise aboard, is enough to show that she was employed in trade. At the time of the seizure the Dewdrop was employed in a trade other than that for which she was licensed, whether she was then engaged in foreign trade or in coasting trade, as her license did not authorize her employment, either in foreign trade or illegal coasting trade. The Underwriter (C. C. A.) 13 F.(2d) 433; The Esther M. Rendle (C. C. A.) 13 F.(2d) 839.

The decree forfeiting the vessel was not erroneous. That decree is affirmed.