find the bankrupt Moore although he had made diligent effort to do so. A somewhat similar situation was presented in Re Fahy, supra. There the court held that the discretion of the judge is limited to the six months following the expiration of a year from the date of adjudication. In Re Bacon, 193 F. 34, the Circuit Court of Appeals for the Fifth Circuit had before it a question of the right to a discharge under a subsequent petition in bankruptcy, and it was decided that failure to apply for discharge within the statutory period on his first petition barred his right under the second. I am strongly of the opinion that the neglect of the bankrupts to file their application for discharge within the specified time was in effect a denial of their right to a discharge, and was in effect a judgment against them by default, which cannot now be opened.

The motion is denied.

## THE K–3696.

District Court, E. D. New York. December 4, 1929.

No. C–2368.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Albert D. Smith, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for libelant.

Louis Halle, of New York City, for claimant.

GALSTON, District Judge. There are three causes of action set out in the libel. The first cause sets forth that the vessel violated its license; the second, that the vessel unlawfully proceeded on a foreign voyage without first giving up her enrollment and license to the collector of the port when she was about to proceed on such voyage; and, the third cause, that the captain or master wrongfully and unlawfully removed and concealed in the vessel a quantity of liquor fit for use for beverage purposes, containing more than one-half of 1 per cent. of alcohol by volume, consisting of 274 sacks of assorted liquors on which a tax imposed by the United States was due and unpaid, and that the said liquors were being removed, deposited, and concealed in the boat with intent to defraud the United States of such tax.

It will be sufficient to dispose of the first cause of action. It is conceded that, when the government officers boarded the vessel in question which was lying aground on a sand bar near Point Lookout at Long Beach, Long Island, there were found on board 274 cases of whisky or assorted liquors, each bottle containing more than one-half of 1 per cent. of alcohol by volume.

The claimant Peterson testified that his boat was stolen from him, and that he was compelled to sleep in the swamps in the vicinity of the sand bar on August 1, 1929, the date of the seizure by the government officers. He is contradicted flatly by the witness Nyhlan. From Nyhlan's testimony it would appear that they were attempting to locate on July 31st a rum ship; that they waited on July 31st, the night before the seizure, over night, east of Ambrose Lighthouse. Peterson had testified that his boat was in repair, and that he had gone out merely for a trial spin that night. The contradiction by Nyhlan casts doubt on the entire story told by Peterson and justifies the inference that his boat was not stolen from him, and that he had knowledge of the presence on board his boat of the 274 cases of illegal liquor.

The vessel was licensed as a party and work boat. By a license for "party and work" is meant that a boat is licensed to take shipping parties for general work, but not for the transportation of freight.

The facts are almost identical with that of The Mineola (C. C. A.) 16 F.(2d) 844, 845, in which it is said: "Although there was no direct evidence that the lessee employed the Mineola for the purpose of bringing in a cargo of intoxicating liquor, all the circumstances connected with the use of the vessel for this purpose point to knowledge on his part."

Under Revised Statutes, § 4377 (U. S. Code, title 46, § 325 [46 USCA § 325]), the forfeiture of the vessel is absolute if she is employed in any other trade than that for which she is licensed. The Underwriter (C.

C. A.) 13 F.(2d) 433; The Mineola (C. C. A.) 16 F.(2d) 844.

Decree accordingly for libelant.

## JOHNSON v. DAVIS.

District Court, D. Massachusetts.   December 11, 1929.

No. 3091.

See also (D. C.) 32 F.(2d) 391.

John F. McGrath, of Worcester, Mass., for plaintiff.

Morris Michelson, of Boston, Mass., for defendant.

MORTON, District Judge. This is a bill for discovery in aid of the defense to an action at law for personal injuries which the present respondent (the plaintiff in the action at law) claims to have sustained in an automobile accident caused by the negligence of the present plaintiff.

That bills for discovery are still maintainable is settled in this court by the decisions of Judge Dodge in Wolcott v. National Electric Signaling Co., 235 F. 224, and Judge Bingham in Kinney v. Rice, 238 F. 444.

The general rule is that discovery can be had only in aid of affirmative averments essential to a party's case (cases supra); and the present suit does not come within any of the exceptions or refinements to it. The bill does not allege that the present plaintiff is setting up any affirmative defense in the action at law in aid of which discovery is sought. The 80 interrogatories annexed to the bill are in substance a cross-examination of the original plaintiff with respect to the circumstances of the accident and the character and extent of his injuries—something which is too plainly unpermissible to require discussion.

Bill dismissed, with costs.