### THE PILOT.
### No. 2916.

Circuit Court of Appeals, Fourth Circuit.
Sept. 19, 1930.

A. W. Henderson, Sp. Asst. to Atty. Gen. (G. A. Youngquist, Asst. Atty. Gen., on the brief), for the United States.

T. D. Warren, of New Bern, N. C. (Thomas D. Warren, Jr., of New Bern, N. C., on the brief), for appellees.

Before PARKER and NORTHCOTT, Circuit Judges, and GRONER, District Judge.

NORTHCOTT, Circuit Judge.

In May, 1928, the Pilot, a vessel owned by the Edenton-Mackeys Ferry Company, was enrolled and licensed as a vessel of the United States to engage in fishing. She, together with her tackle, apparel, and engine, was leased by her owner in good faith, with option to purchase, to one Joseph Lascara, to be used in North Carolina waters in the fishing business. As a part of said lease, it was mutually agreed that at all times during said lease the owner's and lessor's captain should be and remain in possession and control.

While said boat was being used in the fishing business the captain became sick and was taken to his home. After the captain left the boat, lessee and the crew, without the knowledge, consent, or privity of the captain or owner, removed said boat from her landing place, and on the 21st day of May, 1928, she was seized by coast guard officials about two miles from the shore near Bear Inlet, N. C., with about seven hundred cases of intoxicating liquor on board. The liquor was loaded on the Pilot from an unnamed boat lying off shore out in the Atlantic Ocean, some three miles off the coast of the United States. At the time of the seizure of the Pilot, she was headed in the direction of Beaufort, N. C., and it is admitted that the purpose of those in charge was to smuggle the cargo of liquor on board into the United States.

The boat was towed to Beaufort, N. C., and later to Wilmington, N. C., and turned over to the customs officials and the cargo unloaded at that place, the lessee, George Lazo, alias Joseph Lascara, and crew, Herman Roeberg, alias H. Berg, Wm. H. Kline, alias Wm. Hanson, John A. Ohman, alias J. A. Olsen, were arrested. All of these men were indicted at October term, 1928, United States District Court, Wilmington Division, for smuggling intoxicating liquor, under section 593(a)(b), Tariff Act 1922 (19 USCA §§ 496, 497), and at said court the defendants Lazo and Olsen were convicted, and the court entered the following judgment: "That each defendant pay fine of fifty dollars and be imprisoned in the Atlanta Penitentiary for a term of one year and a day," and said defendants are now serving said term of imprisonment. The defendants Kline and Roeberg failed to appear, though how they came to be at large the record does not show. Roeberg appeared June, 1929, special term of said court, New Bern Division, and pleaded guilty. J. K. Gilliken and W. H. Davis, sureties on bond given by lessee Lascara to owner of Pilot, who were also indicted as conspirators, were tried and acquitted.

A bond was given by lessee, conditioned for the faithful performance of the lease, but it is admitted that the sureties on said bond are insolvent and were insolvent at the time of the execution of the bond.

The United States filed a libel against the boat, claiming her forfeiture upon four counts. The first count charged a violation of section 587 of the Tariff Act of 1922 (19 USCA § 489), in that the vessel was used for the unlawful transshipment of merchandise within four leagues of the coast of the United States; the second count charged a violation of section 4337 of the Revised Statutes (46 USCA § 278), in that the vessel had proceeded on a foreign voyage without being redocumented; the third count charged a violation of section 4377 of the Revised Statutes (46 USCA § 325), in that the vessel had engaged in an unlawful trade contrary to the terms of her license, and the fourth count charged a violation of section 3450 of the Revised Statutes (26 USCA § 1181), in that untax-paid goods were removed, deposited, and concealed in the vessel. Count 5 of the libel was directed against the cargo alone. No claimant appeared for the liquor cargo, and it was promptly condemned and destroyed.

The court below found the facts, about which there was practically no dispute, and decreed that the libel be dismissed, from which decree this appeal was taken by the United States. Upon the argument before this court the government abandoned counts 2 and 4 of the libel, but contended that the vessel was subject to forfeiture under counts 1 and 3. Appellee contends that the transaction properly comes under the head of a liquor violation, and that the questions involved are controlled by the provisions of the National Prohibition Act (27 USCA), and that the decision of the Supreme Court in the case of Richbourg Motor Co. v. United States (decided May 19, 1930), 281 U. S. 528, 50 S. Ct. 385, 388, 74 L. Ed. 1016, is

controlling here. That the title of the owners, they being innocent, should be upheld.

We cannot agree with the contention of the appellee, and are of the opinion that the instant case is not controlled by the decision of the Supreme Court in Richbourg Motor Co. v. U. S., supra. In that case the court said, in speaking of the National Prohibition Act: "* * * * It is the duty of prohibition officers to arrest any person discovered in the act of transportation and to seize the transporting vehicle; that such arrest and seizure require the government to proceed for forfeiture of the vehicle under § 26 [27 US CA § 40]." The Pilot was seized while engaged in an admittedly illegal transaction, by the coast guard, whose duty it is to prevent smuggling, and the fact that the article attempted to be smuggled was liquor does not make it any the less a violation of the laws against smuggling. Judge Parker of this court, in a well-considered opinion in the case of Gillam v. United States, 27 F. (2d) 296, 301, said: "And the law is well settled that where the acts complained of constitute violations of the revenue laws, the government may proceed thereunder, even though they also constitute violations of the National Prohibition Act. U. S. v. One Ford Coupe Automobile, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025; U. S. v. Commercial Credit Co. (C. C. A. 4th) 20 F.(2d) 519; The Henry L. Marshall (C. C. A. 2d) 292 F. 486."

The Tariff Act of 1922, under which forfeiture of the vessel is claimed in count 1, was passed after the National Prohibition Act, and is certainly not controlled by it.

 There is nothing in common between the National Prohibition Act and the navigation laws, and a vessel that engages in an unlawful trade contrary to the terms of her license need not necessarily be proceeded against under the National Prohibition Act because of the fact that the contraband cargo she carries is liquor. She may have violated both the National Prohibition Act and the navigation act at the same time. Being licensed to engage in fishing only and being found engaged in another and an illegal trade, she became subject to forfeiture for violation of the terms of her license under the provisions of section 4377 of the Revised Statutes (46 USCA § 325). The Esther M. Rendle (C. C. A.) 7 F.(2d) 545; Id. (C. C. A.) 13 F.(2d) 839; The Mineola (C. C. A.) 16 F.(2d) 844; The Underwriter (C. C. A.) 13 F.(2d) 433, affirmed sub nom. Maul v. United States, 274 U. S. 501, 47 S. Ct. 735, 71 L. Ed. 1171; The Rosalie M (C. C. A.) 12 F.(2d) 970; Le Bouef v. United States (C. C. A.) 30 F.(2d) 394; The Amriald (D. C.) 6 F.(2d) 413; The Lorraine Rita (D. C.) 16 F.(2d) 607; The Dante (D. C.) 17 F.(2d) 304; The K-3696 (D. C.) 36 F. (2d) 430.

 Innocence of the owner is not a defense to forfeitures in rem incurred under the customs and navigation laws. There is no disagreement among the courts on this proposition, and the law on this point has been definitely settled. United States v. One Saxon Automobile et al. (C. C. A.) 257 F. 251; United States v. Mincey (C. C. A.) 254 F. 287, 5 A. L. R. 211; Logan v. United States (C. C. A.) 260 F. 746; United States v. One Black Horse (D. C.) 129 F. 167; The Esther M. Rendle, supra; The Mineola, supra; Dobbins' Distillery v. United States, 96 U. S. 395, 24 L. Ed. 637; United States v. Stowell, 133 U. S. 1, 10 S. Ct. 244, 33 L. Ed. 555; Goldsmith, Jr.-Grant Co. v. United States, 254 U. S. 505, 41 S. Ct. 189, 65 L. Ed. 376. See, also, United States v. Brig Malek Adhel, 2 How. 210, 233, 11 L. Ed. 239; Van Oster v. Kansas, 272 U. S. 465, 47 S. Ct. 133, 71 L. Ed. 354, 47 A. L. R. 1044.

It was specifically held by the Circuit Court of Appeals, First Circuit, in Machado v. United States, 16 F.(2d) 844, that the law authorizing forfeiture of a vessel engaged in an unlicensed trade was not repealed by the National Prohibition Act, and that whether the vessel carried intoxicating liquor or other merchandise, when used in unlicensed trade, was immaterial.

Had the owner of the vessel required a bond with solvent sureties it would have been fully protected under the present circumstances, and the owner was clearly guilty of negligence in this respect.

 Congress has seen fit to vest the authority to grant relief from forfeiture of this character to innocent owners by executive as distinguished from judicial action, and it has always been an exclusive function of an executive officer to exercise the power of remission and mitigation. The Margaretta, Fed. Cas. No. 9072; Dorsheimer v. United States, 7 Wall. 166, 19 L. Ed. 187; United States v. Morris, 10 Wheat. 246, 6 L. Ed. 314; The Laura, 114 U. S. 411, 5 S. Ct. 881, 29 L. Ed. 147.

While the innocence, good faith, and want of guilty knowledge on the part of the owner in the instant case might appeal strongly to the discretion of an executive, vested by Con-

gress with the power to act in such cases, such facts are not legal defenses and may not properly be acted upon by the courts.

The decree of the court below in dismissing the libel was erroneous, and same is reversed, and the cause is remanded for further action in accordance with this opinion.

Reversed and remanded.