## THE MARIAM.
### No. 4935–H.

District Court, S. D. California, Central Division.
May 7, 1932.

Samuel W. McNabb, U. S. Dist. Atty., and Frank M. Chichester, Asst. U. S. Dist. Atty., both of Los Angeles, Cal., for the United States.

Harris & Field, of Los Angeles, Cal., for claimant.

HOLLZER, District Judge.

The libel, in count 1 thereof, charges a violation of 46 USCA § 21, and in counts 2 and 3 charges a violation of 46 USCA § 60.

The claimant, W. C. Allen, asserts in his answer that he is a bona fide mortgagee under a mortgage executed and recorded several years after the vessel in question had been registered to the purported owner thereof, and relies upon subdivision b of subsection M and subdivision b of subsection O of the Ship Mortgage Act 1920, 46 USCA §§ 953 (b), 961 (b). The answer fails, however, to allege any facts showing that this incumbrance comes within the definition of a preferred ship's mortgage, as defined by the Ship Mortgage Act (subsection D [46 USCA § 922]).

The provisions of subsections M and O of the Ship Mortgage Act are applicable only to a preferred ship's mortgage, as defined by that act. Assuming, without deciding, that the provisions mentioned give to a bona fide mortgagee under a preferred ship's mortgage a prior lien as against any claim of forfeiture in a proceeding of this character, nevertheless, the mortgagee herein has failed to show that he is entitled to the benefit of these provisions.

No other defense being shown, the libelant would be entitled to a decree of forfeiture under the authority of The Pilot (C. C. A.) 43 F.(2d) 491, and The Mineola (C. C. A.) 16 F.(2d) 844; see, also, Maul v. U. S., 274 U. S. 501, 47 S. Ct. 735, 71 L. Ed. 1171.

The exceptions to the answer of claimant are therefore sustained without leave to amend. Libelant will be entitled to a decree of forfeiture as prayed for in the information. An exception is allowed to the claimant.