### UNITED STATES v. WORTHINGTON, Inc., et al.

### No. 9574.

Circuit Court of Appeals, Ninth Circuit.

Feb. 17, 1941.

Rehearing Denied April 21, 1941.

Wm. Fleet Palmer, U.S. Atty., and James L. Crawford, John M. Gault, and John Marvin Dean, Asst. U.S. Attys., all of Los Angeles, Cal., for appellant.

L. K. Vermille, Preston B. Plumb, Jr., and Overton, Lyman & Plumb, all of Los Angeles, Cal., for appellee Franco-Italian Packing Co.

H. F. Prince, E. H. Conley, David P. Evans, George H. Whitney, and Gibson, Dunn & Crutcher, all of Los Angeles, Cal., for appellee Worthington, Inc.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

The United States brought a libel against the vessel Fisherman II, seeking to have the vessel forfeited to the United States for violation of Title 46 U.S.C.A. § 60, § 4189, R.S. From a decree of the District Court dismissing the libel, the United States appeals.

The Fisherman II was built in 1921 in Keil, Germany. In July, 1939, a certificate of registry from the United States was obtained for the vessel, which certificate of registry contains the following language: "Admitted to American Registry under R. S. § 4132, as amended by Section 5, of the Panama Canal Act and by the Act of August 18, 1914 [46 U.S.C.A. § 11], entitling the vessel to engage only in trade with foreign countries or with the Philippine Islands, American Samoa and the Island of Guam. This vessel shall not engage in the coastwise trade."

The libel alleges, in brief, that subsequent to June 12, 1936, the vessel "engaged in trade and/or fishing and used the Certificate of Registry heretofore referred to for a purpose for which she was not entitled to the benefit thereof and that by reason thereof a fraudulent use was made of the Certificate of Registry issued and heretofore referred to; that in particular said vessel was used in actually engaging in fishing shortly prior to November 3, 1936, and was put to the same use shortly prior to February 4, 1937. * * *"

There is a further allegation that the acts alleged constitute a violation of the navigation laws of the United States, including Section 60, Title 46 U.S.C.A., and that by reason of the violation of the statutes, the vessel has been forfeited to the United States.

Section 60 provides as follows: "Whenever any certificate of registry, enrollment, or license, or other record or document granted in lieu thereof, to any vessel, is knowingly and fraudulently obtained or used for any vessel, such vessel, with her tackle, apparel, and furniture, shall be liable to forfeiture."

The Government asks forfeiture for the "fraudulent use" of the vessel's certificate of registry within the meaning of Section 60, the vessel having been used for fishing, and cites The Active, 7 Cranch 100, 11 U.S. 100, 3 L.Ed. 282 and The Mineola, 1 Cir., 16 F.2d 844. Each of these cases holds that a vessel licensed for fishing only is subject to forfeiture for engaging in transportation of cargoes of merchandise, hence, the Government argues, the reverse, or fishing under a limited registry would subject the vessel to forfeiture.

The cited cases, however, do not aid in the decision of the instant case, for they were brought under statutes specifically providing at the time of the decisions that whenever a licensed vessel is employed in any other trade than that for which she is licensed, such vessel shall be forfeited. Sec. 4377, R.S., 46 U.S.C.A. § 325.

For the purpose of decision only we shall assume that the vessel was not entitled to engage in fishing and was engaged in an occupation not permitted by its registry. Still we think that the vessel cannot be forfeited under the provisions of Section 60, as the essence of this section is that the registry has been fraudulently obtained or used.

The statute is highly penal, and cannot be so liberally construed. See Rederiaktiebolaget Nordstjernen v. United States, 9 Cir., 1932, 61 F.2d 808, 812. Use of the vessel for purposes other than authorized by the registry is not necessarily a fraudulent obtaining nor use of the certificate of registry.

Affirmed.