## RICHBOURG MOTOR COMPANY *v.* UNITED STATES.

## DAVIES MOTORS, INCORPORATED, *v.* UNITED STATES.

Nos. 452 and 569. Argued April 25, 1930.—Decided May 19, 1930.

Mr. *Joseph G. Myerson,* with whom *Messrs. Phillip W. Haberman, Charles G. Lee, Jr.,* and *R. R. Williams* were on the brief, for Richbourg Motor Company.

Mr. *Duane R. Dills,* with whom *Messrs. William K. Young* and *Berthold Muecke, Jr.,* were on the brief, for Davies Motors, Inc.

*Assistant Attorney General Richardson,* with whom *Solicitor General Thacher, Assistant Attorney General Youngquist, Messrs. Claude R. Branch,* Special Assistant to the Attorney General, and *Mahlon D. Kiefer,* were on the brief, for the United States.

MR. JUSTICE STONE delivered the opinion of the Court.

In these cases certiorari was granted, 280 U. S. 549, and *post,* p. 707, respectively, to pass on the question, whether proceedings for the forfeiture of a vehicle seized under § 26 of the National Prohibition Act,[1] as one used for

---

[1] Section 26, Title II, of the National Prohibition Act, c. 85, 41 Stat. 305, 315 (U. S. C., Title 27, Sec. 40):

"When the commissioner, his assistants, inspectors, or any officer of the law shall discover any person in the act of transporting in violation of the law, intoxicating liquors in any wagon, buggy, automobile, water or aircraft, or other vehicle, it shall be his duty to seize any and all intoxicating liquors found therein being transported contrary to law. Whenever intoxicating liquors transported or possessed illegally shall be seized by an officer he shall take possession of the vehicle and team or automobile, boat, air or water craft, or any other conveyance, and shall arrest any person in charge thereof. Such officer shall at once proceed against the person arrested under the provisions of this title in any court having competent jurisdic-

unlawful transportation of intoxicating liquor, but where there has been no prosecution for that offense, must be had under that section, or whether they may be prosecuted under the provisions of R. S. § 3450.[2] The latter authorizes the forfeiture of vehicles used in the removal or concealment of any commodity with intent to deprive the United States of any tax upon it, which is made a criminal offense. The section does not, as does § 26, protect the interests of innocent lienors. *Goldsmith Grant Co.* v. *United States,* 254 U. S. 505; cf. *Van Oster* v. *Kansas,* 272 U. S. 465.

In each case the Court of Appeals answered the question by affirming a judgment of a district court, forfeiting, under § 3450, automobiles in which the petitioners,

---

tion; but the said vehicle or conveyance shall be returned to the owner upon execution by him of a good and valid bond, with sufficient sureties, in a sum double the value of the property, which said bond shall be approved by said officer and shall be conditioned to return said property to the custody of said officer on the day of trial to abide the judgment of the court. The court upon conviction of the person so arrested shall order the liquor destroyed, and unless good cause to the contrary is shown by the owner, shall order a sale by public auction of the property seized, and the officer making the sale, after deducting the expenses of keeping the property, the fee for the seizure, and the cost of the sale, shall pay all liens, according to their priorities, which are established, by intervention or otherwise at said hearing or in other proceeding brought for said purpose, as being bona fide and as having been created without the lienor having any notice that the carrying vehicle was being used or was to be used for illegal transportation of liquor, and shall pay the balance of the proceeds into the Treasury of the United States as miscellaneous receipts. All liens against property sold under the provisions of this section shall be transferred from the property to the proceeds of the sale of the property. . . ."

[2] Section 3450, Revised Statutes (U. S. C., Title 26, Sec. 1181):

" Whenever any goods or commodities for or in respect whereof any tax is or shall be imposed, or any materials, utensils, or vessels proper or intended to be made use of for or in the making of such goods or commodities are removed, or are deposited or concealed in

respectively, asserted an interest as innocent lienors. *Richbourg Motor Co.* v. *United States* (4th Circuit), 34 F. (2d) 38; *Davies Motor Co.* v. *United States* (9th Circuit), 35 F. (2d) 928. In each a person operating an automobile belonging to another was arrested and arraigned before a United States Commissioner on a charge of illegal transportation of intoxicating liquor. The liquor and the car used for its transportation were seized by the officer making the arrest. The United States Attorney did not proceed with the prosecution of the charge, but procured the indictment and conviction of the prisoners, under § 3450, for removing and concealing spirits with intent to defraud the government of the tax.

The proceedings presently involved for the forfeiture of the vehicles were also had under that section. In each the respective petitioners intervened, setting up that they were lienors under conditional contracts of sale, to persons other than those arrested, and that petitioners and the conditional vendees were innocent of any participation in the unlawful acts charged. In No. 452 the court refused a request of petitioner to submit to the jury the question whether the seized automobile was used in the unlawful transportation of liquor and whether the

---

any place, with intent to defraud the United States of such tax, or any part thereof, all such goods and commodities, and all such materials, utensils, and vessels, respectively, shall be forfeited; and in every such case all the casks, vessels, cases, or other packages whatsoever, containing, or which shall have contained, such goods or commodities, respectively, and every vessel, boat, cart, carriage, or other conveyance whatsoever, and all horses or other animals, and all things used in the removal or for the deposit or concealment thereof, respectively, shall be forfeited. And every person who removes, deposits, or conceals, or is concerned in removing, depositing, or concealing any goods or commodities for or in respect whereof any tax is or shall be imposed, with intent to defraud the United States of such tax or any part thereof, shall be liable to a fine or penalty of not more than five hundred dollars. . . ."

persons in the car were arrested at the time of its seizure, and refused a motion to dismiss the libel on the ground that by such arrest and seizure the government was bound to proceed for the forfeiture of the vehicle under § 26, and barred from proceeding under § 3450. In No. 569 trial was by the court without a jury, which found the facts as already stated, and decreed forfeiture of the vehicle under § 3450.

By § 5 of the Willis-Campbell Act of November 23, 1921, c. 134, 42 Stat. 222, 223, all laws relating to the manufacture, taxation, and traffic in intoxicating liquors and penalties for their violation, in force when the National Prohibition Act was adopted, were continued in force except such provisions as are " directly in conflict with any provision of the National Prohibition Act."

In *United States* v. *One Ford Coupe,* 272 U. S. 321, it was held that there was no such direct conflict between § 26 and § 3450 as to preclude the forfeiture of the interest of an innocent lienor under the latter, where the intoxicating liquor was concealed in the seized vehicle with intent to defraud the government of the tax, and where it did not appear that there was transportation of the liquor. In *Port Gardner Investment Co.* v. *United States,* 272 U. S. 564, and in *Commercial Credit Co.* v. *United States,* 276 U. S. 226, it was held that prosecution and conviction of the offender for the transportation of intoxicating liquor under the Prohibition Act, barred forfeiture of the seized vehicle under § 3450, since the disposition of the vehicle after the conviction, prescribed by § 26, is mandatory. These cases left undetermined the question now presented, whether, under § 26, the mere arrest of the person discovered in the act of transportation, and the seizure of the transporting vehicle, bar the forfeiture under § 3450.

The language of § 26 is in form mandatory throughout. It is made the " duty " of the officer discovering any per-

son in the act of transporting liquor to seize the liquor, when "he shall take possession of the vehicle" and "shall arrest any person in charge" of it. He "shall at once proceed against the person arrested under the provisions of this title." The vehicle "shall be returned to the owner" upon his giving bond. "The court upon conviction of the person so arrested . . . shall order a sale by public auction of the property seized" and the officer making the sale "shall pay all liens which are established . . . as being bona fide and as having been created without the lienor having any notice that the carrying vehicle was being used or was to be used for illegal transportation of liquor. . . ." It is plain that, whenever the vehicle seized by the arresting officers is discovered in use in the prohibited transportation, literal compliance with these requirements would compel the forfeiture under § 26, with the consequent protection of the interests of innocent lienors. To that extent, § 26, if interpreted to exact such compliance, is in direct conflict with the forfeiture provisions of § 3450 and supersedes them whenever any person within the provisions of § 26 is discovered "in the act of transporting . . . intoxicating liquors in any . . . vehicle," which liquor is "removed . . . deposited or concealed . . . with intent to defraud the United States" of the tax.

But the government contends that § 26 is not to be read thus literally; that it was not intended by its mandatory phrases to do more than state generally the duty resting on all law enforcement officers to enforce the law, but which leaves them free, when the same act or transaction constitutes an offense under different statutes, to proceed under either one. It is argued that § 26 could not have been intended to preclude district attorneys from prosecuting violations of § 3450 merely because they involve transportation, and it can no less be taken to de-

prive them of their election to forfeit the offending vehicle under either section.

Undoubtedly, " shall " is sometimes the equivalent of " may " when used in a statute prospectively affecting government action. See *Railroad* v. *Hecht,* 95 U. S. 168; *West Wisconsin Ry. Co.* v. *Foley,* 94 U. S. 100, 103. The usual provisions of criminal statutes that the offender " shall " be punished as the statute prescribes is not necessarily to be taken, as against the government, to direct prosecution under that rather than some other applicable statute.

But the prescription in detail, by § 26, whenever transportation is involved, of successive steps to be taken which, if followed, lead unavoidably to forfeiture under that section and no other, with the important consequence of protecting the interests of innocent third persons, suggests a definite purpose to make the protection effective by bringing all forfeitures in such cases under its controlling provisions. If the purpose were the more general one of imposing on government officers the general duty to procure the forfeiture at their election, either under § 26 or any other applicable statute, most of the requirements of § 26 might have been omitted. The end sought could have been attained more easily by the simple enactment, in the language of § 3450, that the offending vehicle " shall be forfeited," saving the rights of innocent lienors if the proceeding were had under § 26.

It is to be observed that § 26 neither prohibits transportation of intoxicating liquors nor prescribes the punishment of the offender. That is provided for in §§ 3 and 29, as amended by the Jones Act (45 Stat. 1446). The general duty of investigating and reporting violations of § 3, as well as other sections of the National Prohibition Act, to United States Attorneys, is imposed on all prohibition officers by §§ 2 and 29. That duty is mandatory. *Donnelley* v. *United States,* 276 U. S. 505. The general

duty to prosecute all criminal offenses is imposed on district attorneys by R. S. § 777. The objective of § 26 is not the prosecution of the offender, elsewhere provided for, but the confiscation of the seized liquor and the forfeiture of vehicles used in its transportation, to the limited extent specified in the section. Every act which it enjoins on public officials is directed to that end.

In providing for forfeitures under this section, Congress was not unaware that the enactment of the National Prohibition Act would enormously increase seizures of vehicles, beyond those made under § 3450, and that their forfeiture would place an increased and heavy burden on many innocent persons, unless afforded some protection by the new legislation. By § 26 it gave such protection in all cases where the prosecution of the person guilty of the transportation is had under the National Prohibition Act. This would have been but an idle gesture and the Congressional purpose would have been defeated if, in practically every case where the transporting vehicle is seized, the prosecuting officers could compel forfeiture of the interests of innocent third persons under § 3450. Yet, that is the effect of the construction of § 26 contended for by the government, since, with the enactment of national prohibition, there can be few cases of illegal transportation which do not involve the concealment of non-tax-paid liquor. See *One Ford Coupe* v. *United States, supra,* p. 326.

We think that Congress did not take the precaution to enact the carefully chosen language of § 26 merely to impose general duties on prosecuting officers already placed on them by other sections of the Act, but that its purpose was to preclude the nullification of the protection which § 26 had extended to innocent third persons.

This Court has already held that the provision in § 26 that " The court, upon the conviction of the person so

arrested, shall . . . order a sale by public auction of the property seized" is mandatory and requires the forfeiture to proceed under that section. *Port Gardner Investment Co.* v. *United States, supra; Commercial Credit Co.* v. *United States, supra.* No tenable ground of distinction is suggested which would enable us to say, where forfeiture is involved, that the preceding requirement of the section, that the proceedings against the person arrested "shall be under the provisions of this title," is any less so.

The conclusion we reach is not without support in the legislative history of § 26. The clause protecting the interests of innocent lienors was added by amendment in the House of Representatives to H. R. 6810, which became the National Prohibition Act. The sponsor for the amendment pointed out that the procedure prescribed by the section as originally drawn protected the interests of the innocent owner and stated that the amendment was designed to save from forfeiture the interests of innocent lienors and innocent owners alike. Congressional Record, 66th Cong., 1st Sess., Vol. 58, Pt. 3, p. 2902, July 19, 1919.

Report No. 151 of the Senate Judiciary Committee on this bill, August 18, 1919, 66th Cong., 1st Sess., stated that the " seizure of any vehicle in which liquor is being transported in violation of law, together with liquor being transported, is authorized, as well as the arrest of the person engaged in such illegal transaction, the property seized to be disposed of under the direction of the court, as provided in § 26."

We are of opinion that under § 26 it is the duty of prohibition officers to arrest any person discovered in the act of transportation and to seize the transporting vehicle; that such arrest and seizure require the government to proceed for forfeiture of the vehicle under § 26. It is unnecessary to say whether, if for any reason the seizure

cannot be made or the forfeiture proceeded with, prosecution for any offense committed must be had under the National Prohibition Act rather than other statutory provisions.

*Reversed.*