## UNITED STATES v. ONE LA SALLE SEDAN AUTOMOBILE.

### No. 12885.

District Court, W. D. Washington, N. D. June 26, 1930.

Libel by the United States for the forfeiture of one La Salle sedan automobile, motor No. 22423, in which a third party asserted a claim under a conditional sales contract.

Anthony Savage, U. S. Dist. Atty., and Cameron Sherwood, Asst. U. S. Dist. Atty., both of Seattle, Wash.

Livingston B. Stedman and Lewis L. Stedman, both of Seattle, Wash., for claimant.

NETERER, District Judge (after stating the facts as above).

Section 3450, Rev. St. (26 USCA § 1181), provides: "Whenever any goods * * * in respect whereof any tax is * * * imposed * * * are removed, or are deposited or concealed in any place, with intent to defraud the United States of such tax * * * every * * * conveyance * * * used in the removal or for the deposit or concealment * * * shall be forfeited. * * * "

Section 26, title 2, National Prohibition Act (27 USCA § 40), provides: "When * * * any officer of the law shall discover any person in the act of transporting in violation of the law, intoxicating liquors * * * it shall be his duty to seize any and all intoxicating liquors found therein being transported * * * [and] * * * take possession of the * * * automobile * * * and shall arrest any person in charge thereof"—and then provides for the disposition of the automobile.

The Supreme Court in Richbourg Motor Company v. United States, 281 U. S. 528, 50 S. Ct. 385, 387, 74 L. Ed. 1016, filed May 19, 1930, says: "It is made the 'duty' of the officer discovering any person in the act of transporting liquor to seize the liquor, when 'he shall take possession of the vehicle' and 'shall arrest any person in charge.' "

The evidence shows that on July 3, an agent of the Treasury Department saw the automobile approach an apartment house and 2 sacks appearing to contain liquor were removed and taken into the apartment; and it is stipulated that another agent saw 14 sacks of intoxicating liquor taken from the same car. No arrest was made, nor was the car seized until the 9th day of July following. On this day the driver of the car on July 3 was arrested for transporting liquor in another car, and the 14 cases of liquor that were removed from the car in issue on the 3d of July were seized in the apartment. The operator of the car at the time of arrest on the 9th of July stated that the 2 sacks contained liquor of the same character as found in the basement at the time of the arrest and seizure on July 9, and bore no internal revenue stamp.

220

The Supreme Court in Richbourg Motor Co. v. United States, supra, construing the relation of section 26, tit. 2, National Prohibition Act, and section 3450, Rev. St., holds that the provision of section 3450, when a vehicle is discovered " 'in the act of transporting * * * intoxicating liquors in any * * * vehicle,' which liquor is 'removed. * * * deposited or concealed * * * with intent to defraud the United States' of the tax," is superseded by section 26 of title 2 of the National Prohibition Act. And further says that, "whenever transportation is involved, of successive steps to be taken, which, if followed, lead unavoidably to forfeiture under that section and no other, with the important consequence of protecting the interests of innocent third persons, suggests a definite purpose to make the protection effective by bringing all forfeitures in such cases under its controlling provisions." And section 26 neither prohibits transportation nor prescribes punishment for the offender, and the general duty of investigating and reporting violations of the National Prohibition Act imposed on all prohibition officers is mandatory. Donnelley v. United States, 276 U. S. 505, 48 S. Ct. 400, 72 L. Ed. 676; and further says: "The general duty to prosecute all criminal offenses is imposed on district attorneys by Rev. St. § 771 (28 USCA § 485). The objective of title 2, § 26, is not the prosecution of the offender, elsewhere provided for, but the confiscation of the seized liquor and the forfeiture of vehicles used in its transportation, to the limited extent specified in the section. Every act which it enjoins on public officials is directed to that end"; and giving to innocent persons such protection in all cases where the prosecution is had under the National Prohibition Act.

And "we think that Congress did not take the precaution to enact the carefully chosen language of section 26 merely to impose general duties on prosecuting officers already placed on them by other sections of the act, but that its purpose was to preclude the nullification of the protection which section 26 had extended to innocent third persons."

And "the conclusion we reach is not without support in the legislative history of title 2, § 26. The clause protecting the interests of innocent lienors was added by amendment in the House of Representatives to H. R. 6810, which became the National Prohibition Act. The sponsor for the amendment pointed out that the procedure prescribed by the section as originally drawn protected the interests of the innocent owner, and stated that

the amendment was designed to save from forfeiture the interests of innocent lienors and innocent owners alike. Congressional Record, 66th Cong., 1st Sess., vol. 58, pt. 3, p. 2902, July 19, 1919.

"Report No. 151 of the Senate Judiciary Committee on this bill, August 18, 1919, 66th Cong., 1st Sess., stated that the 'Seizure of any vehicle in which liquor is being transported in violation of law, together with liquor being transported, is authorized, as well as the arrest of the person engaged in such illegal transaction, the property seized to be disposed of under the direction of the court, as provided in § 26.'

"We are of opinion that under title 2, § 26 (27 USCA § 40), it is the duty of prohibition officers to arrest any person discovered in the act of transportation and to seize the transporting vehicle."

It is obvious that the failure to arrest the driver and seize the automobile when discovered does not permit forfeiture under section 3450.

Order dismissing libel may be presented.