## UNITED STATES v. ONE LA SALLE SEDAN.

### No. 5969.

Circuit Court of Appeals, Ninth Circuit.

July 14, 1930.

George Neuner, U. S. Atty., and Francis E. Marsh, Asst. U. S. Atty., both of Portland, Or., for appellant.

Paul M. Long and Morton & Littlefield, all of Portland, Or., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

RUDKIN, Circuit Judge.

Police officers of the city of Portland discovered certain persons in the act of transporting a quantity of intoxicating liquor in an automobile, in violation of law. The officers seized the automobile and turned it over to a federal prohibition agent. While perhaps not material, it may be stated that one of the occupants of the automobile was convicted of the offense of possessing and transporting intoxicating liquor in violation of a municipal ordinance. The present proceeding was thereafter instituted to forfeit the automobile under section 3450 of the Revised Statutes (26 USCA § 1181). The information charged that the automobile was seized by police officers while in the possession of the persons above referred to; that there was concealed and deposited therein a quantity of gin, upon which there was due certain taxes imposed by the internal revenue laws of the United States; that the seizure was adopted by and the automobile taken into the possession of a deputy federal prohibition administrator for the state of Oregon; that the taxes due and imposed as aforesaid had not been paid; and that the gin was concealed and deposited in the automobile with intent to defraud the United States of the taxes.

The information failed to charge that the automobile was discovered in the act of transporting intoxicating liquor in violation of law, but did aver that the seizure was made by police officers of the city. For this reason, it appeared affirmatively on the face of the information that there could be no forfeiture under section 26 of title 2 of the National Prohibition Act (27 USCA § 40) upon the mere conviction of the driver of the automobile for unlawful transportation or unlawful possession incidental to transportation. U. S. v. Loomis (C. C. A.) 297 F. 359; Gambino v. United States, 275 U. S. 310, 48 S. Ct. 137, 72 L. Ed. 293, 52 A. L. R. 1381. But, inasmuch as the information charged a deposit and concealment with-

out transportation, with intent to defraud the United States of the taxes, it would seem to charge a sufficient ground of forfeiture under United States v. One Ford Coupé, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025.

The occupants of the automobile appeared as claimants and interposed an answer admitting that the automobile was seized by police officers, as alleged, while in their possession, admitted that the seizure was adopted by and the automobile taken into the possession of the deputy federal prohibition administrator for the state of Oregon, and denied the other allegations of the information. As a further and separate answer, the claimants alleged that they were driving the automobile over and upon the public streets and highways within the corporate limits of the city of Portland; that while so engaged police officers of the city unlawfully and without probable cause to believe that the automobile was being used for any unlawful purpose, or that claimants, or either of them, were engaged in violating any law of the state of Oregon, or of the United States, or any ordinance of the city of Portland, and without a search warrant or warrant of arrest for said automobile, or for the claimants, halted the automobile and made a search thereof; that at said time and place, without the knowledge or consent of the claimant Dunlap, the claimant Forrest had in her possession and in a grip or satchel containing her personal effects six pint bottles containing intoxicating liquor intended for her own personal use; that the automobile was thereupon seized by the police officers; that the claimant Forrest was thereafter prosecuted in the municipal court of the city of Portland, Or., for the transportation and possession of intoxicating liquor, and such proceedings were had that she was convicted of the offense charged and sentenced to pay a fine of $25, and that the seizure mentioned in the answer was the identical seizure charged in the information. The libelant interposed a motion to strike the further and separate answer, for the reason that it did not state facts sufficient to constitute a defense to the action. The motion to strike was denied; the attorney for the libelant stating in open court that the defense of transportation was true and would not be controverted upon the trial. Counsel for the claimants, moved for a decree of dismissal on the pleadings. The latter motion was granted and from the decree thus entered this appeal was prosecuted.

The conflict, real or apparent, between section 3450 of the Revised Statutes and section 26 of title 2 of the National Prohibition Act has been a prolific source of much litigation during the past ten years, resulting in many conflicting decisions. The main difference between a forfeiture under section 26 and a forfeiture under section 3450 lies in the fact that the former protects the interest of innocent lienors while the latter does not. We think it is now settled that an automobile or other vehicle engaged in the transportation of intoxicating liquor in violation of law can no longer be forfeited under section 3450. This seems to be the net result of the decisions of the Supreme Court, beginning with Port Gardner Co. v. United States, 272 U. S. 564, 47 S. Ct. 165, 71 L. Ed. 412, and ending with Richbourg Motor Co. v. United States, 50 S. Ct. 385, 74 L. Ed. 1016, decided May 19, 1930. If this be true, the admission by the attorney for the government, that the automobile was discovered in the act of transporting intoxicating liquor in violation of law, was a bar to a forfeiture under section 3450.

We do not desire to be understood as holding that there can be no forfeiture where the seizure is made by police officers of a city, for the facts in this case are identical with the facts before the court in Dodge v. United States (C. C. A.) 11 F.(2d) 522, aside from the immaterial difference that the transportation in that case was by boat while here it was by automobile. It was there held that the boat was subject to forfeiture on libel of information under section 26, and the decree was affirmed in Dodge v. United States, 272 U. S. 530, 47 S. Ct. 191, 71 L. Ed. 392.

But the information in this case was deficient under section 26 because it contained no averment that the automobile was seized while in the act of transporting intoxicating liquor in violation of law, or that it had ever been engaged in that enterprise.

The decree is therefore affirmed.