## UNITED STATES v. ONE FORD TOURING CAR.

### No. 2954.

Circuit Court of Appeals, Fourth Circuit.

Sept. 19, 1930.

Thomas J. Harkins, U. S. Atty., of Asheville, N. C. (Thomas A. McCoy, Asst. U. S. Atty., of Asheville, N. C., on the brief), for the United States.

J. Y. Jordan, Jr., of Asheville, N. C., for appellee.

Before PARKER, Circuit Judge, and WATKINS and SOPER, District Judges.

### PER CURIAM.

This is an appeal from a judgment releasing and discharging an automobile which the government sought to condemn and forfeit under the provisions of section 3450 of the Revised Statutes (26 USCA § 1181). The case was tried upon an agreed statement of facts, from which it appears that the automobile in question was seized by federal prohibition officers while being driven by one Holland, who at the time was engaged in convoying several automobiles laden with intoxicating liquor. No liquor was found in this particular car, but those being convoyed contained 105 gallons. Holland was indicted, convicted, and punished for aiding and abetting in removing and concealing under section 3296 of the Revised Statutes (26 USCA § 404), and for conspiracy to violate that section.

It is not necessary to consider a number of very interesting questions argued at the hearing. The recent decision in Richbourg Motor Co. v. U. S., 281 U. S. 528, 50 S. Ct. 385, 74 L. Ed. 1016, settles the rule that, where an automobile is seized while engaged in transporting intoxicating liquor in violation of the National Prohibition Act, and the person in charge thereof is arrested by an officer of the government, such officer must proceed against the offending automobile under the provisions of the National Prohibition Act, and same may not be forfeited under section 3450 of the Revised Statutes. Here the government proceeded against the automobile under the provisions of section 3450 and not under the National Prohibition Act. Forfeiture under the latter act could not have been adjudged, for the reason that it does not appear that the person in charge of the automobile had been convicted of violation of the act, and such conviction is essential to a forfeiture thereunder. Section 26, title 2, National Prohibition Act, 41 Stat. 305, 315 (27 USCA § 40).

The judgment will accordingly be affirmed.

Affirmed.