## THE ANTIGOSTINE.
### No. C–2534.

District Court, E. D. New York.
Nov. 5, 1930.

Charles F. Murphy, of New York City, for petitioner.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (William T. Cowin and Emanuel Bublick, Asst. U. S. Attys., both of Brooklyn, N. Y., of counsel), for the libelant.

GALSTON, District Judge.

The petition seeks to vacate and set aside a certain order entered on October 17, 1930, condemning and forfeiting the American oil screw Antigostine.

The papers before me present rather an anomalous situation. The petition shows that the Hitchcock Gas Engine Company furnished certain supplies to the vessel between the 25th day of January, 1930, and the 28th day of June, 1930, on which there is an unpaid balance; that on August 27, 1930, the libel herein was filed for violation of sections 4377, 4214, and 4218 of the Revised Statutes of the United States and acts amendatory thereof (46 USCA §§ 103, 106, 325), in that the vessel was employed in a trade other than that for which she was licensed; and that the vessel was engaged in the illegal transportation and carriage of intoxicating liquors.

The petition further alleges that at the time the vessel was seized certain persons aboard her were arrested and indicted for having committed the offense of transporting and possessing liquor in violation of sections 3 and 26 of title 2 of the National Prohibition Act (27 USCA §§ 12, 40); that thereafter the defendants pleaded guilty to the said charge.

The petitioner contends that the libel is improperly brought under the aforesaid sections, because at the time the vessel was seized and prosecution had of the persons arrested for violation of the National Prohibition Act, it was mandatory upon the government to seek a forfeiture under section 26 of the National Prohibition Act, so as to save the rights of innocent lienors.

I have not been furnished with a copy of the libel, and assume, of course, that since the allegations of the petition are not denied, it correctly sets forth the allegations of the libel. The anomaly referred to above arises, however, because the decree entered in the libel suit recites that the vessel and her equipment and cargo "are condemned and forfeited to the use of the United States of America for violation of the National Prohibition Act."

In other words, although according to the petition the libel is based on the laws relating to shipping, in that the vessel was used for a purpose other than that for which she was licensed, the decree of forfeiture specifically states that she is condemned for violation of the National Prohibition Act.

In the circumstances it seems to me that the petitioner should be permitted to avail itself of all the rights reserved to an innocent lienor under section 26 of the National Prohibition Act.

The government contends in opposition that the petitioner has been guilty of laches and is thus barred from asserting its claim. The cases relied upon, The Lyndhurst (D. C.) 48 F. 839; The Grace Darling (D. C.) 18 F.(2d) 587; and Norfolk Sand & Cement Co. v. Owen (C. C. A.) 115 F. 778, seem to me to be not in point, because from the petition it appears that though the monition was issued on August 27th, the petitioner was apprised only on October 20, 1930, of the fact that the vessel had been seized. It would appear, therefore, that the petitioner acted as promptly as the circumstances and its knowledge permitted.

The second contention urged against the petitioner is that where the res has passed to an innocent purchaser after a decree of forfeiture and sale, a claimant is too late to assert its lien. However, so far as appears in the papers before me, the marshal still has the vessel and has not disposed of it to any third party, whose rights might supervene.

Without necessarily determining whether the petitioner's rights are to be measured by United States v. Motor Trawler "Pilot" (C. C. A.) 43 F.(2d) 491, T. D. 44294, vol. 58, No. 16, as the government contends, or by In re Richbourg Motor Company v. United States, 281 U. S. 528, 50 S. Ct. 385, 74 L. Ed. 1016, as the petitioner contends, it seems to me that the decree in this cause is such as to justify the court in vacating the decree and permitting the petitioner to file its answer to the libel.

Motion granted. Settle order on notice.