## THE DAISY T.

### No. 1365.

District Court, D. Delaware.

March 30, 1931.

Leonard E. Wales, U. S. Atty., of Wilmington, Del., for libelant.

P. Warren Green, of Wilmington, Del., and Louis Halle, of New York City, for claimant.

NIELDS, District Judge.

On June 20, 1930, about 6 o'clock in the afternoon, the United States Coast Guard found abandoned, adrift, and awash in the Delaware Bay within this district the gas screw motorboat Daisy T, having on board approximately one hundred and twenty-four cases of assorted intoxicating liquor. The boat and her cargo were thereupon seized and subsequently delivered to the collector of customs of this district. The United States in this proceeding seeks a forfeiture of the vessel, and sets out in its libel five causes of forfeiture: First, that she did knowingly receive and conceal, and facilitate the transportation and concealment of, after its importation, certain intoxicating liquor of foreign origin, fit and intended for use for beverage purposes, well knowing the same to have been imported and brought into the

United States contrary to law, in violation of section 593 (b) and 594 of the Tariff Act of 1930, 19 USCA §§ 1593 (b), 1594; second, that such intoxicating liquors were removed, deposited, and concealed aboard the vessel with intent to defraud the United States of the tax due thereon, in violation of section 3450, U. S. Rev. St. (26 USCA §§ 1181, 1182); third, that, being duly licensed as a pleasure vessel in conformity with the statutes, such license containing a clause that she should not transport merchandise or carry passengers for pay, or engage in any unlawful trade, or in any way violate the revenue laws of the United States, she did knowingly engage in the transportation of merchandise for pay, in violation of section 4214, U. S. Rev. St. (46 USCA § 103); fourth, that, being duly licensed as a pleasure vessel, under twenty tons, such license containing a clause that she should not transport merchandise or carry passengers for pay or engage in any unlawful trade, or in any way violate the revenue laws of the United States, she was found on the day of seizure trading without a license, in that she was engaged in the transportation of intoxicating liquor of foreign origin, upon which the customs duties had not been paid, but were intended to be smuggled into the United States, in violation of section 4371, U. S. Rev. St. (46 USCA § 317); and, fifth, that being licensed as a pleasure vessel on the sworn condition that she would not, while such license was in force and effect, engage in any unlawful trade, nor in any way violate the revenue laws of the United States, but would be used and employed exclusively as a · pleasure vessel, she was employed in a trade other than that for which such license was issued, in violation of section 4377, U. S. Rev. St. (46 USCA § 325).

At the hearing on libel and answer, the United States presented evidence tending to show the facts and circumstances surrounding the seizure. The claimant offered no evidence.

### Findings of Facts.

(1) That the gas screw motorboat Daisy T was discovered by the crew of a patrol boat of the United States Coast Guard afloat, adrift, abandoned, and partly submerged, with a hole in her port side about amidships, in the Delaware Bay about two miles east of the Delaware breakwater, within the district of Delaware, and was thereupon seized.

(2) That at the time she was seized her engines were not running, and she was not in motion other than the motion caused by the ebb and flow of the waters of the bay.

(3) That there were found aboard the vessel one hundred and twenty-four sacks containing bottles of assorted liquors, some of the sacks being labeled "Golden Wedding," "Silver Dollar," "Burnett's White Satin," and "C. H.," some of these names being stenciled on the outside of the sacks, and on some there also appeared the words "Manufactured by Distillers' Corporation, Toronto, Canada."

(4) That no ship's papers, including a manifest, were found aboard the vessel, nor was there found any permit for the transportation of merchandise.

(5) That no tax-paid revenue stamps were on any of the bottles of liquor found aboard the vessel.

(6) That samples of the liquor were taken and found to contain the prohibited amount of alcohol by volume, and all fit for use for beverage purposes.

(7) That her license was that of a pleasure vessel, under twenty tons, and under the terms and conditions of such license she was not allowed to transport merchandise or carry passengers for pay, or engage in any unlawful trade.

It is not necessary to consider each of the causes of forfeiture alleged, as I am of opinion that the vessel is clearly forfeitable under the fifth ground, for violation of section 4377, U. S. Rev. St. (46 USCA § 325). The material part of that section reads:

"Whenever any licensed vessel  *  *  * is employed in any other trade than that for which she is licensed  *  *  * such vessel with her tackle, apparel, and furniture, and the cargo, found on board her, shall be forfeited."

■ The defendant contends that there is no proof showing the vessel was engaged in any trade, and no proof of how the liquor came aboard, or when and where it was placed aboard, or the purpose of its presence. The evidence is convincing. On June 13, 1930, a United States customs agent saw the Daisy T near Atlantic City, N. J. She was boarded and found light. She was again seen on June 18, 1930, two days before her seizure, as she left Little Egg Inlet, near Atlantic City, starting out on the ocean. She was next sighted by the Coast Guard in the Delaware Bay about two miles east of the Delaware breakwater, abandoned and partly submerged, with one hundred and twenty-four sacks of assorted liquors, apparently of for-

eign origin, aboard, and seized. ·No ship's papers, no manifest, no permit for the transportation of merchandise or intoxicating liquors, were found aboard the vessel, nor were there any tax-paid stamps on any of the bottles of liquor. It is true that the place of loading and the point of destination are both unknown. This is immaterial. The cargo certainly was put on the vessel somewhere, and it is fair to assume that it was bound somewhere. Though licensed as a pleasure vessel, her construction tends to disprove her use as such. She was equipped with two Liberty motors, capable of making a speed of forty miles an hour. She had a small roofed-over open section forward for a pilot house, but only large enough for one man to stand at the wheel. Immediately behind the pilot house there was a large hold for cargo, space for the engines, and another large hold for cargo aft.· There were no accommodations for passengers. These unexplained facts, I think, fully justify the finding that the vessel was not being used as a pleasure vessel in accordance with the terms and conditions of her license, but was engaged in transporting merchandise, a trade other than that for which she was licensed. The Dewdrop (C. C. A.) 30 F.(2d) 394; The Rosemary (D. C.) 23 F.(2d) 103.

The defendant urges, however, that, if the court find evidence of transportation, it became mandatory upon the United States to proceed against the vessel under section 26 of title 2 of the National Prohibition Act (27 USCA § 40), relying on Richbourg Motor Co. v. United States, 281 U. S. 528, 50 S. Ct. 385, 74 L. Ed. 1016. There is no merit in this contention. The law is now well settled that, where acts complained of constitute violations of the revenue laws, the United States may proceed thereunder, even though such acts also constitute violations of the National Prohibition Act. Machado v. United States (C. C. A.) 16 F.(2d) 844. The Pilot (C. C. A.) 43 F.(2d) 491. Under section 4377, a vessel, if employed in any other trade than that for which she is licensed, is forfeitable. That section was not affected by section 26 of title 2 of the National Prohibition Act. United States v. One Ford Coupé, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025.

### Conclusion of Law.

That the Daisy T was engaged in a trade other than that· for which she was licensed, in violation of the provisions of section 4377, U. S. Rev. St., and should be forfeited.

A decree may be submitted.