### COLON v. HANLON, Federal Prohibition Adm'r, et al.
### No. 2532.

Circuit Court of Appeals, First Circuit.
May 28, 1931.

Benicio F. Sanchez, of San Juan, Porto Rico, for appellant.

A. Chesley York, Asst. U. S. Atty., of Boston, Mass. (Frank Martinez, U. S. Atty., of San Juan, Porto Rico, on the brief), for appellees.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

BINGHAM, Circuit Judge.

This is a proceeding brought in the Federal District Court of Porto Rico for the return of the motorboat Norberta to the petitioner, her owner. One of the defendants, A. J. Hanlon, is the federal prohibition administrator for the district of Porto Rico and is also a deputy collector of customs. The other defendant, H. L. Moore, is the collector of customs for the district.

On February 19, 1930, the Norberta was discovered by federal officers off the coast of Arecibo, but within the three-mile limit, transporting intoxicating liquor. The officers went on board, searched her, and seized a large quantity of intoxicating liquors, took possession of the boat, and arrested four men, one of whom, Rafael Rios, had possession and control of the boat.

On February 20, 1930, a complaint was sworn out by one of the officers before the United States commissioner for Porto Rico, charging Rafael Rios and the other three men with possessing and transporting intoxicating liquor in violation of the National Prohibition Act (27 USCA). On that day a hearing was had before the commissioner and they were bound over to appear before the District Court. Later an indictment was found against them for violating the National Prohibition Act, as charged in the complaint. Thereafter, a trial was had in the District Court on the indictment. The jury found them all guilty of illegally possessing the liquor on the motorboat, but acquitted them all on the charge of illegal transportation.

It appeared that on January 29, 1930, Serrano, the owner of the boat, entered into a contract of lease or conditional sale with Rafael Rios, wherein he agreed to sell the boat without the motor for $1,500 and with the motor for $2,500, subject, however, to the following conditions: That the purchaser might take the boat to Ponce, where he lived, on trial for twenty days, and, if found satisfactory, at the expiration of the twenty days pay the sum of $2,500; but, if not satisfied with the motor, he should be obliged to pay only $1,500, delivering the motor to the seller in good condition. During the twenty days the purchaser was to pay $5 a day and all the expenses of the boat, the title to remain in the seller until the payments were made as above specified. At the time of the seizure nothing had been paid to Serrano either by way of daily rental or on the purchase price. The boat was licensed in the coasting trade.

There was uncontradicted evidence to the effect that Serrano had no knowledge or information that Rios, to whom the boat was turned over, was to use it in violation of the National Prohibition Act, or that it was so used.

It also appeared that, when the boat was brought by the officers into San Juan on February 21, 1930, it was turned over to the collector of customs. It was then appraised at the value of $800, and, the appraisal being less than $1,000, it was advertised for forfeiture for a violation of the customs laws, in the Imparcial, a newspaper published in San Juan, in the issues of March 1, 8, and 15; and, on March 21, 1930, the advertising having been had, and no bond and claim having been filed, F. E. Russell, the assistant collector of customs, at San Juan, pursuant to sections 514 and 516, 19 USCA, declared the boat forfeited for a violation of section 4377 of the Revised States (46 USCA § 325), and caused a record thereof to be entered in that department.

The boat was not sold, but, under the provisions of chapter 438, § 1, of the Act of March 3, 1925 (section 522, 19 USCA), at the direction of the Secretary of the Treasury, it was assigned to the customs patrol for use in connection with the enforcement of the customs laws.

It is admitted that the Norberta, at the time the petition was filed, was in the possession and under the control of the defendants, Hanlon and Moore. In the District Court it was decreed that "the forfeiture of the motor boat Norberta stand, and the claimant and owner of said motor boat pay the costs."

The petitioner, by his assignments of error, complains that the court erred in sustain-

ing the forfeiture and declining to order the return of the motorboat, on the ground that the officers of the government, having discovered Rios and the other men in the act of transporting liquor in the Norberta, having seized the liquor, arrested the men, and taken possession of the boat, and having proceeded against the persons arrested for the illegal possession and transportation of the liquor thereon under the National Prohibition Act, they were bound to proceed in the condemnation of the vessel under section 26 of title 2 of that act (27 USCA § 40), and were without authority to proceed and forfeit the boat under section 4377 of the Revised Statutes or any other provision of the customs laws, and that the acts and proceedings thereunder are null and void.

The latest decision on the subject that we are aware of was rendered May 19, 1930, by the Supreme Court, and is reported as Richbourg Motor Co. v. United States, 281 U. S. 528, 50 S. Ct. 385, 386, 74 L. Ed. 1016. There the court had under review two judgments affirming the forfeiture of automobiles under Rev. St. § 3450 (26 USCA §§ 1181, 1182). The question in those cases was "whether proceedings for the forfeiture of a vehicle seized under section 26 of title 2 of the National Prohibition Act, as one used for unlawful transportation of intoxicating liquor, but, where there has been no prosecution for that offense, must be had under that section, or whether they may be prosecuted under the provisions of Rev. St. § 3450," which authorizes the forfeiture of a vehicle used in the removal or concealment of any commodity with intent to deprive the United States of any tax upon it, and makes such act of removal or concealment a criminal offense.

In each of these cases the Court of Appeals had affirmed a judgment of the District Court forfeiting automobiles under section 3450, in which the petitioners respectively asserted an interest as innocent lienors. The Supreme Court reversed the judgments of the Court of Appeals in both cases. It is there pointed out that "by section 5 of the Willis-Campbell Act of November 23, 1921, c. 134, 42 Stat. 222, 223 (27 USCA § 3), all laws relating to the manufacture, taxation, and traffic in intoxicating liquors and penalties for their violation, in force when the National Prohibition Act was adopted, were continued in force, except such provisions as are 'directly in conflict with any provision of the National Prohibition Act' "; that in two cases (Port Gardner Investment Co. v.

U. S., 272 U. S. 564, 47 S. Ct. 165, 71 L. Ed. 412, and Commercial Credit Co. v. U. S., 276 U. S. 226, 48 S. Ct. 232, 72 L. Ed. 541), the court had "held that prosecution and conviction of the offender for the transportation of intoxicating liquor under the Prohibition Act barred forfeiture of the seized vehicle under section 3450 (26 USCA § 1181), since the disposition of the vehicle after the conviction, prescribed by title 2, section 26 (27 USCA § 40), is mandatory"; that those cases left undetermined the question "whether, under title 2, § 26, the mere arrest of the person discovered in the act of transportation, and the seizure of the transporting vehicle, bar the forfeiture under section 3450 (26 USCA § 1181)."

In answering this question, it held that the language of section 26 was "in form mandatory throughout," and that, "whenever the vehicle seized by the arresting officers is discovered in use in the prohibited transportation," compliance with the requirements of section 26 compelled the forfeiture to be made under that section, and in that respect section 26 was in direct conflict with the forfeiture provisions of section 3450 and superseded them when any person within the provisions of section 26 is discovered in the act of transporting intoxicating liquor in any vehicle; that Congress, by the language used in section 26, whenever transportation is involved, disclosed a "definite purpose to make the protection [therein afforded the interests of an innocent third person] effective by bringing all forfeitures in such cases under its controlling provisions"; that it did not thereby intend to impose "on government officers the general duty to procure the forfeiture at their election, either under title 2, § 26, or any other applicable statute"; that the objective of section 26 was "not the prosecution of the offender, elsewhere provided for, but the confiscation of the seized liquor and the forfeiture of vehicles used in its transporation, to the limited extent specified in the section."

In view of the facts in this case and the decision of the Supreme Court above referred to, the officers of the government, having discovered Rafael Rios and the other three men transporting liquor in violation of law in the Norberta, were required to proceed in the forfeiture of the boat under the provisions of section 26; that to that extent and in that respect section 26 superseded section 4377 and rendered the attempted forfeiture under that section or any other section of the customs law nugatory

As Rios and the other three men charged in the indictment with the unlawful transportation of liquor on the Norberta were acquitted, the boat cannot be condemned under section 26, and should be returned to the claimant. The Squanto (C. C. A.) 13 F. (2d) 548, 552.

The order or decree of the District Court is vacated, and the case is remanded to that court, with direction to enter an order that the boat be returned to the claimant.