## CORRIVEAU v. UNITED STATES.

### POWELL v. SAME.

#### Nos. 2547, 2548.

Circuit Court of Appeals, First Circuit.
Nov. 28, 1931.

Mortimer W. Newton, of Providence, R. I. (Joseph E. Fitzpatrick, of Providence, R. I., on the brief), for appellants.

Charles H. Eden, Asst. U. S. Atty., of Providence, R. I. (Henry M. Boss, Jr., U. S. Atty., of Providence, R. I., on the brief), for the United States.

Before BINGHAM and WILSON, Circuit Judges, and MORRIS, District Judge.

BINGHAM, Circuit Judge.

These cases are appeals from decrees of the District Court for Rhode Island ordering condemned as forfeited to the United States the American gas screw Overland and the American gas screw Alibi II, their engines, tackle, apparel, furniture, and equipment, "for violation of Section 4377 of the Revised Statutes, in that * * * [they were] employed in a trade other than that for which * * * [they were] licensed, and for violation of Section 453 of the Tariff Act of 1930, in that * * * [they] unlawfully unladed merchandise without a special license or permit therefor."

The sole objection raised to either of these decrees is that the government could not enforce a forfeiture of the Overland or Alibi II under Revised Statutes, § 4377 (46 USCA § 325), or section 453 of the Tariff Act of 1930 (19 USCA § 1453), but must proceed, if at all, under section 26 of title 2 of the National Prohibition Act (U. S. C., tit. 27, tit. 2, § 40 [27 USCA § 40]); and Richbourg Motor Co. v. United States, 281 U. S. 528, 50 S. Ct. 385, 74 L. Ed. 1016, 73 A. L. R. 1081; Colon v. Hanlon (C. C. A.) 50 F.(2d) 353, and United States v. One La Salle Sedan (C. C. A.) 42 F.(2d) 446, are cited in support of the contention.

There is no dispute as to the facts. Coast Guardsman Mackin and Chief Boatswain's Mate Lathan were patrolling Newport Beach in Rhode Island at 3 a. m. September 30, 1930, and saw two speed boats coming towards the shore stop about two hundred yards off shore and unload sacks into dories, the sacks being then carried to the beach and loaded on to trucks, where the sacks were found to contain intoxicating liquor, and the liquors, the trucks, and the dories were seized. The speed boats, which were identified as the Overland and the Alibi II, escaped. The next day they were seized while tied up to a dock at Newport and were turned over to the collector of customs. No liquor was found on board either boat at that time. At the time of the seizure of the Overland and the Alibi II, the unidentified men who had been in charge of the boats the previous day, and who probably had tied them up at the dock, had departed. There is no evidence that since then they have been identified and arrested.

As we construe the decision in Richbourg Motor Co. v. United States, 281 U. S. 528, 50 S. Ct. 385, 74 L. Ed. 1016, 73 A. L. R. 1081, it is based on the mandatory terms of section 26 itself, not upon the terms, subject-matter, or character of any other statute whatever, nor upon the title or character of the officer initiating the proceedings (provided he is an officer of the law), and the only question left open is at what stage of the proceedings, prior to arrest, if any, the mandates of section 26 attach and exclude a forfeiture of the boats under the provisions of law here invoked. In that case it was held that they clearly attach and become mandatory upon the discovery of the illegal transportation and the arrest of the person in charge of the vehicle; the liquor and the vehicle used in its transportation having been seized by the officer making the arrest.

The question here is whether they attach and become mandatory in the absence of an arrest, so that the vehicle must be forfeited under section 26, transportation having ceased, and no liquor and person being found on board to seize and to arrest.

From a careful reading of the section, it would seem that the language is as mandatory in regard to the steps to be taken from the time the officer discovers "any person in the act of transporting in violation of law, intoxicating liquors" in the vehicles mentioned as it is with reference to what shall be done at any later stage. But there can be no reasonable contention that section 26 is applicable before discovery. That section provides that, when the officer "shall discover any person in the act of transporting in violation of the law, intoxicating liquors in any * * *. vehicle, it shall be his duty to seize any and all intoxicating liquors found there-.

in being transported contrary to law," take possession of the vehicle, and arrest the "person in charge thereof."

Discovery under this section does not take place when the officer has probable cause to believe intoxicating liquor is being transported in violation of law (in which case he is authorized to stop and search, Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790); but it takes place, if a search is necessary to discovery, when he has searched the vehicle and found therein liquors that can be seized. For however good a reason he may have had for instituting a search, if on searching the vehicle he finds no liquor therein, he can neither take the vehicle nor arrest the person in charge. In other words, his discovery of the person in the act of transporting is not complete until he finds liquors in the vehicle that can be seized; and, if he finds liquors in the vehicle that may be seized, his discovery is not complete, if no person is present engaged in transporting them.

In these cases then the undisclosed persons, who were in charge of the Overland and Alibi II, on the day prior to the seizure, were not discovered, within the meaning of section 26, in an act of transporting intoxicating liquors in violation of law, and the government could not proceed thereunder to forfeit the vessels.

We are therefore of the opinion and hold that, as the search failed to disclose (1) any liquors on board, or (2) any person in the act of transporting liquors on these vessels, section 26 is not applicable, and that the government was authorized in proceeding under the provisions of law that it did.

The decrees of the District Court are affirmed.