**UNITED STATES v. AMERICAN MOTOR BOAT K-1231.**

**No. 60.**

Circuit Court of Appeals, Second Circuit.

Dec. 14, 1931.

George Eilperin, of Brooklyn, N. Y., for claimant-appellant.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Herbert H. Kellogg, Alfred C. McKenzie, and Emanuel Bublick, Asst. U. S. Attys., all of Brooklyn, N. Y., of counsel), for libelant-appellant.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

Combs, the motor machinist mate in charge of the Coast Guard cutter 2368, while cruising around Jones Inlet, Long Island, on July 2, 1930, sighted American motorboat K–1231 coming into the inlet from the open sea. The cutter was then nearly a mile away from the K–1231. The mate of the cutter put his glass on her, noticed that she was well down in the water, saw men on her, but did not know any of them. Thereupon he turned the cutter about, blew his siren, and, as the K–1231 did not heave to, fired two shots across her bow. She did not stop or decrease her speed, but her crew ran her up to the shore and themselves escaped into the woods. Combs ran the cutter up to the motorboat, jumped aboard her, fired shots after the fleeing crew, and gave them chase, but they disappeared. A search of the K–1231 disclosed a cargo of 653 packages of assorted liquors containing more than one-half of 1 per cent. of alcohol by volume and fit for beverage purposes. No

manifest and no permit for the transportation of liquors was found. The labels on the bottles indicated foreign manufacture. The packages of liquor were not registered in the office of the Collector of Customs of New York, and no stamps were issued therefor by the Internal Revenue Department. The certificate of registry of the K–1231 stated that the principal occupation of the vessel was for pleasure. She and her cargo were seized by the government officials.

Thereupon the United States filed a libel asserting three causes of forfeiture of the American motorboat K–1231 and her cargo. The first was based upon violation of section 4377 of the Revised Statutes (46 USCA § 325) which provides for forfeiture of any vessel and her cargo employed in any other trade than that for which she is licensed. The second was for violation of section 593 (a) and (b) and section 594 of the Tariff Act of 1930, 19 USCA § 1593 (a) and (b), and section 1594. These sections provide that, if any person smuggles into the United States any merchandise with intent to defraud the revenue or imports into the United States any merchandise contrary to law, the merchandise shall be forfeited, and the owner shall become liable to a fine not exceeding $5,000, for which the vessel may be proceeded against summarily. The third cause of forfeiture set up in the libel failed for lack of proof, and is not involved upon this appeal.

The claimant filed an answer denying any knowledge or information sufficient to form a belief as to the allegations of the libel and alleging as a defense that he did not authorize any person or corporation to transport liquor upon the K–1231.

No witnesses were called on behalf of the claimant. After a trial, without a jury, and upon proof of the foregoing facts by the libelant, a decree was granted directing the marshal to destroy the cargo of 653 packages of intoxicating liquors and ordering him to turn over to the United States Coast Guard the American motorboat K–1231. From this decree, the claimant of vessel and cargo appeals.

The questions sought to be raised by the claimant are:

(1) Was there sufficient evidence to prove the causes of forfeiture?

(2) Was the claimant entitled to a trial by jury?

(3) Was the United States obliged to

proceed against the K–1231 pursuant to section 26 of title 2 of the National Prohibition Act (27 USCA § 40)?

■ There can be no doubt that the cause of forfeiture set forth in section 4377 was fully proved. The K–1231 was licensed as a pleasure yacht, but was engaged in carrying liquor. The authorities show that such a use violated the terms of her license and subjected her and her cargo to forfeiture under section 4377. Alksne v. United States, 39 F.(2d) 62 (C. C. A. 1st), certiorari denied 281 U. S. 768, 50 S. Ct. 467, 74 L. Ed. 1175; Le Bouef v. United States, 30 F.(2d) 394 (C. C. A. 5th); The Rosemary, 23 F.(2d) 103 (D. C. N. J.); The Herreshoff, 6 F.(2d) 414 (D. C. R. I.). Lack of knowledge of the owner was not proved, but, if it had been, that would have been no defense under section 4377. The Pilot, 43 F.(2d) 491 (C. C. A. 4th); The Esther M. Rendle, 7 F.(2d) 545 (C. C. A. 1st).

■■ There is more doubt about proof of violation of sections 593 (a) and (b) and section 594 of the Tariff Act of 1930. To establish the forfeiture, there had to be proof that the merchandise on board the vessel was of foreign origin. The vessel came in from the open sea; no manifest or permit for transportation was found on her, and the goods bore foreign labels. It is true that false labels may be placed on liquor transported into the country, but the labels furnished some evidence of origin, and there was no testimony offered by the claimant to meet this prima facie showing. United States v. Blackwood, 47 F.(2d) 849 (C. C. A. 1st). See, for a fuller statement of the facts of the Blackwood decision The Evelyn Ruth (D. C.) 42 F.(2d) 458. Nounes v. United States, 4 F.(2d) 833 (C. C. A. 5th); Seaman v. Koehler, 122 N. Y. 646, 25 N. E. 353.

■ There is no basis for the contention that the claimant was deprived of the right of a trial by jury. The American motorboat K–1231 touched the shore, but was in no sense a vessel on the land, for the cutter was in the inlet alongside of her (fol. 96). In such circumstances, jurisdiction is in admiralty for a seizure under laws of import, navigation, or trade. The Eagle, 8 Wall. (75 U. S.) 15, 19 L. Ed. 365; The Robert W. Parsons, 191 U. S. 17, 24 S. Ct. 8, 48 L. Ed. 73. Moreover, there was no disputed fact for the consideration of a jury, so that the case was one for the direction of any judgment that was proper.

■■ The final question is whether the government was obliged to proceed under section 26 of title 2 of the National Prohibition Act or could forfeit the K–1231 under section 4377 of the Revised Statutes and sections 593 (a) and (b) and 594 of the Tariff Act.

Section 5 of the so-called Willis-Campbell Act of November 23, 1921, c. 134 (42 Stat. 222, 223 [27 USCA § 3]), continued all laws and penalties relating to the taxation of and traffic in intoxicating liquors except provisions "directly in conflict with any provision of the National Prohibition Act." Richbourg Motor Co. v. United States, 281 U. S. at page 532, 50 S. Ct. 385, 387, 74 L. Ed. 1016, 73 A. L. R. 1081.

In United States v. One Ford Coupé Automobile, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025, it was held that there was no direct conflict between section 3450 of the Revised Statutes (26 USCA § 1182), and section 26 of title 2 of the Prohibition Act when liquor was found in an automobile which was not at the time engaged in transporting it. In Port Gardner Inv. Co. v. United States, 272 U. S. 564, 47 S. Ct. 165, 71 L. Ed. 412, and Commercial Credit Co. v. United States, 276 U. S. 226, 48 S. Ct. 232, 72 L. Ed. 541, the offenders had been convicted of transportation under the Prohibition Act. It was held under such circumstances that the forfeiture of the vehicle under section 3450 was barred and that the government was obliged to proceed under section 26, which protected the interests of innocent lienors. These cases left undetermined the question "whether under section 26, the mere arrest of the person discovered in the act of transportation and the seizure of the transporting vehicle, bar the forfeiture under section 3450."

In Richbourg Motor Co. v. United States, 281 U. S. 528, 50 S. Ct. 385, 388, 74 L. Ed. 1016, 73 L. R. A. 1081, the Supreme Court took a further step and held that, when a person, discovered in the act of transporting liquor, was arrested, and the transporting vehicle seized, proceedings to forfeit the vehicle must be had under section 26, and would not lie under section 3450. But the opinion concluded by the statement that: "It is unnecessary to say whether, if for any reason the seizure cannot be made or the forfeiture proceeded with, prosecution for any offense committed must be had under the National Prohibition Act rather than other statutory provisions."

It appears from the foregoing that the

Supreme Court has never passed on the question whether section 26 of title 2 of the Prohibition Act is in conflict even with section 3450 of the Revised Statutes in cases where section 26 could not be applied because of inability to arrest the person engaged in the illegal transportation.

Section 26 provides that, upon discovery of a person in the act of transporting liquor and the seizure of the vehicle or boat, such person shall be arrested, and, upon his conviction, the court shall order the liquor destroyed, and, "unless good cause to the contrary is shown by the owner," shall order a sale of the vehicle or boat and payment from the proceeds of liens created without notice of the illegal use. It is evident that forfeiture under section 26 can only be had when there is a conviction of the person discovered in the act of illegal transporting. Here the crew of K–1231 ran away and could not be arrested. If the government cannot proceed under the navigation and customs laws, it is wholly defied and loses its right to forfeit the motorboat, in spite of the fact that the owner is a party to this proceeding and has not shown that he was ignorant of the illegal trade in which his vessel was engaged, though he would have had to show this in order to escape forfeiture under section 26.

Moreover, section 4377 of the Revised Statutes, which imposes a forfeiture where a vessel engages in a trade for which she is not licensed, and sections 593 (a) and (b) and 594 of the Tariff Act, which provide forfeiture for smuggling, cover a different field from that of the illegal transportation of liquor. They are a settled and vital part of our general navigation and customs laws, and do not conflict with section 26 of title 2 of the Prohibition Act aimed merely at forfeiture for illegal transportation of liquor. They are much farther from it than section 3450 of the Revised Statutes, which was involved in the Richbourg decision, where the use of the vessel was in the removal of taxable goods. Such removal was equivalent to transportation for which forfeiture is provided by section 26.

There is such a conflict in the decisions of the lower courts that it is of little use to discuss them. The Pilot, 43 F.(2d) 491 (C. C. A. 4th), and United States v. Blackwood, 47 F.(2d) 849 (C. C. A. 1st), held that forfeiture might be had under section 4377, as well as under provisions of the Tariff Act. In the first case there had been seizure of the vessel and conviction of one of the crew. In the second case seizure of the vessel, but the crew disappeared. In Colon v. Hanlon, 50 F.(2d) 353 (C. C. A. 1st), where those in charge of a vessel had been arrested and acquitted, it was held that no proceeding for forfeiture under section 4377 would lie. United States v. One Reo Coupé Automobile, 46 F.(2d) 815 (D. C. Mass.), held that the provisions for forfeiture under the Prohibition Act do not conflict with forfeiture under the Tariff Act, and The Daisy T., 48 F.(2d) 370 (D. C. Del.), held that forfeiture under the Prohibition Act did not conflict with forfeiture under section 4377.

It is possible that the Supreme Court may yet go farther than the Richbourg decision and hold that section 26 contains such remedial provisions in aid of innocent lienors that it furnishes the only means of forfeiting vessels engaged in illegal transportation of liquor no matter how many other causes of forfeiture exist under the navigation and tariff laws. We are not persuaded that such an interpretation of section 5 of the Willis-Campbell Act is intended, at least where prosecution under section 26 is wholly impracticable, and it seems to us not in accordance with its terms.

Decree affirmed.