## UNITED STATES v. ONE FORD COUPÉ, 1929 MODEL, ENGINE NO. A1401643.

### No. 2271.

District Court, D. Wyoming.

Oct. 31, 1932.

Ewing T. Kerr, Asst. U. S. Atty., of Cheyenne, Wyo.

844

H. Berman and Fred N. Holland, both of Denver, Colo., for Southern Agency Co., lien claimant.

KENNEDY, District Judge.

The above-entitled cause is one in libel directed against a Ford coupé in which a writ of monition and attachment was issued out of this court. A notice of hearing for confiscation of the property was published according to law, and before the same had been completed the Southern Agency Company, a corporation holding a mortgage upon the car described in the libel in the proceeding, filed an answer and prayed for the dismissal of the libel. The matter is submitted upon an agreed statement of facts without argument, and upon trial briefs.

From the agreed statement the following pertinent facts are gathered: On the 8th day of June, 1932, within this district, two federal prohibition agents pursued the Ford coupé here in controversy, the agents suspecting that said coupé was being used in the transportation of intoxicating liquor. The identity of the driver was unknown to the agents, and at a certain point in the city of Cheyenne while said pursuit was in progress, the driver stopped and abandoned said car and was not placed under arrest or charged with the possession and transportation of liquor. Upon examination of the car it was found to contain twenty gallons of whisky upon which no tax had been paid. It was thereupon taken in custody. The legitimacy of the claim of the innocent lienholder is not in dispute.

The libel is brought under 26 USCA § 1181 (R. S. § 3450). The point presented is as to whether or not the government was privileged to bring its confiscation proceeding under the statute invoked, under the circumstances in the case. The question would seem to be one upon which the federal courts are not in complete harmony. Under the decision of the Supreme Court in Richbourg Motor Co. v. United States, 281 U. S. 528, 50 S. Ct. 385, 74 L. Ed. 1016, 73 A. L. R. 1081, the court decided that in a case where a person was discovered in the act of transporting liquor unlawfully and had been arrested and the transporting vehicle seized, proceedings to forfeit the vehicle must be taken under section 26 of title 2 of the National Prohibition Act (27 USCA § 40), and not under section 3450. This decision would be controlling in the case at bar without question were it not that no arrest of the person engaged in the transportation here was made. In United States v. One Buick Sedan, 61 App. D. C.

165, 58 F.(2d) 891, the Court of Appeals of the District of Columbia held that in a case where there had been no arrest, prosecution, and conviction under the Prohibition Act for the crime of unlawfully transporting liquor, proceedings for forfeiture then might be had under section 3450, because no other method of confiscation could be effected. On the other hand, in United States v. One La Salle Sedan, 42 F.(2d) 446, the Ninth Circuit Court held that where the unlawful transportation was admitted, forfeiture alone could be sought under section 26 of title 2 of the National Prohibition Act. In United States v. One La Salle Sedan Automobile, 43 F.(2d) 219, the District Court for the Western District of Washington held that failure to arrest a driver and seize the automobile engaged in the transportation of liquor at the time transportation took place did not permit subsequent forfeiture under section 3450.

The only differing element in the case at bar, as appears from the agreed statement of facts, is that the driver of the car was unknown to the prohibition agents, that he abandoned the car while it was being pursued, and was not apprehended and charged with the possession and transportation of the liquor found in the car.

The question is whether this circumstance presents a situation in which the government had the right to proceed for forfeiture under the revenue laws here invoked. It would seem from the reasoning in the La Salle Sedan Case, decided by the District of Columbia Circuit Court, that the inspiring motive in saying that the principle of the Richbourg Case by the Supreme Court was not applicable was because if confiscation could not be made under the revenue laws it could in no other way be effected.

As it appears to me, the decision in the Richbourg Case is of wider scope, in that it purports to cover any unlawful transportation of intoxicating liquor under the Prohibition Act and provides for the forfeiture under said act in which innocent third parties are protected.

With some degree of care, the Supreme Court in that case considered and outlined the legislative intent with respect to the protection of innocent third parties who may be either lienors or owners of cars so unlawfully used, and as I read the decision this is the paramount consideration in the mind of the court, and likewise as construed, the ultimate aim of the legislative mind. The controlling principle then would seem to be that a person engaged in the unlawful transportation

of intoxicating liquor in violation of the Prohibition Act is brought squarely within the scope of that act, and all proceedings subsequent thereto as to the violator or the conveyance must be taken in conformity with it. As to whether or not the guilty person was at the time placed under arrest, subsequently charged, and convicted, is a secondary consideration. If the statute were construed otherwise, prohibition agents might purposely omit the arrest and prosecution of the individual by permitting him to escape for the purpose of then being able to confiscate under the revenue laws, thereby foreclosing innocent owners or lien claimants of their rights. I think it is more important and humane to protect the innocent owner or lien claimant than to try to prevent the escape of one "guilty" automobile. Especially does this seem pertinent, when it is considered that section 3450 covers the deposit or concealment of property with intent to defraud the United States of a tax, where in truth and in fact admittedly no tax could be paid were the owner to make the effort.

For the reasons stated, a decree may be entered dismissing the libel and providing for the turning over to the lien claimant, who has established his claim herein, the automobile in controversy.