No. 821

First Circuit

FIELDS v. UNION AUTOMOBILE INSUR-
ANCE CO. OF LOS ANGELES, CAL.

(June 16, 1931. Opinion and Decree.)

F. X. Mouton, of Lafayette, attorney for plaintiff, appellee.

Voorhies & Labbe, of Lafayette, attorneys for defendant, appellant.

MOUTON, J. Plaintiff, in April, 1929, took out a combined fire and theft insurance policy with defendant company on a Chevrolet automobile which was stolen on or about January 14, 1930, from a garage near a boarding house in the city of Lafayette, where plaintiff was living.

Plaintiff alleges that his auto, when stolen, was worth $600, but, due to the limitation of the 75 per cent clause of the value on the auto in the policy, he reduces his claim to the sum of $450; he also claims 25 per cent penalty for the failure of defendant to adjust the claim within the time fixed by law and $100 as attorney's fees for collection of the loss.

The district judge rendered judgment for plaintiff for $412.50, but rejected the claim for the penalty and attorney's fees.

Defendant company appeals, and plaintiff is asking for an amendment of the judgment so as to include the rejected part of his demand.

The proof shows that immediately after the theft of the auto plaintiff reported it to the chief of police of Lafayette and to the agent of defendant company.

About three months after the car was stolen, it was located in Port Arthur with a load of liquor in it, of which plaintiff was notified by Mr. Chargois, chief of police. The auto was seized by the prohibition agent of that district for violation of the Internal Revenue Act.

Plaintiff intervened in those proceedings at the request of defendant company, claiming that he was the owner of the auto and that it had been stolen.

Defendant company offered plaintiff all his expenses to attend the trial of his intervention in Beaumont, which he refused; and, not being present when it was called for trial, the intervention was dismissed, the auto was declared forfeited, and was sold under judgment rendered in the case.

In the policy we find the following clause:

"The assured shall render all possible co-operation and execute all papers requested by the company to enable the company to secure all rights to which it may be entitled under the policy."

Defendant company contends that the foregoing clause contains a statement for the future, stipulates for an act to be performed, and constitutes a continuing or promissory warranty, the breach of which forfeits the policy, citing Cooley on Insurance, vol. 2, pp. 1486, 1489.

The forfeiture proceedings, the record shows, had been instituted against the auto under the provisions of section 3450 of the Revised Statutes of the United States (26 USCA, sec. 1181). Such seizures, decision on the subject hold, are in rem against the thing seized. In proceedings under that section, the district judge said that the owners of the property seized, innocent third persons or lienors, are not protected. Accepting that view of the legal situation, the court said that the car could not have been recovered by plaintiff under the intervention he had filed in the proceedings, had he appeared for the trial of the intervention. The court, basing its conclusions on the foregoing reasons, found that the alleged lack of co-operation on the part of plaintiff to recover the auto could not be classed as a breach of a promissory warranty, as his appearance in the federal district court at Beaumont would have been unavailing and barren of results. The federal courts have held that it is the illegal use of the vehicle in carrying the goods or commodities that is of material consideration in seizures under section 3450, United States Statutes (26 USCA, sec. 1181) and which works the forfeiture; the innocence of the owner or lienor being merely accidental. U. S. v. One Ford Coupe Automobile, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025, and other decisions are also cited by counsel for plaintiff in which that doctrine is recognized. Under that rule plaintiff's appearance at the trial of the intervention could not have resulted in a recovery of the auto, and would have been of no benefit to defendant company, and could not have effected a breach of the promissory warranty, as was held by the district judge.

Counsel for defendant company says that this question has been decided one way and then another by the various federal district and circuit courts of appeal. This doubtful issue, counsel contend, was finally put at rest by the United States Supreme Court in the case of **Richbourg** Motor Co. v. U. S., 281 U. S. 528, 50 S.

Ct. 385, 74 L. Ed. 1016, where in the syllabus it is said that a vehicle seized for the unlawful transportation of intoxicating liquor, proceedings for its forfeiture may be had only under the National Prohibition Act (27 USCA), by which the interests of innocent lienors are protected, and not under U. S. Revised Statutes 3450, authorizing the forfeiture of vehicles used in the removal or concealment of any commodity with intent to deprive the United States of any tax upon it, even when the charge against the driver under the National Prohibition Act has been dropped, and he has been prosecuted and convicted under Revised Statutes 3450 for removing and concealing spirits with intent to defraud the government of the tax.

Under that decision the ruling is quite at variance with the doctrine announced in the cases relied upon by counsel for plaintiff.

In 281 U. S. 528, 50 S. Ct. 385, 74 L. Ed. 1016, above referred to, plaintiff, as an innocent owner, would have been protected in his ownership, even if the driver of the stolen auto had been convicted under the provisions of section 3450, U. S. Revised Statutes.

In this case, the auto was not found transporting liquor, but was found parked on the roadside, laden with intoxicating liquor. Counsel for plaintiff seeks to draw a distinction where the vehicle is discovered in the act of transportation, and where it is found with the liquor in a state of immobility. There is no such distinction made in section 26 of title 2 of the National Prohibition Act (27 USCA, sec. 40), which refers indiscriminately to liquors transported or possessed illegally.

The purpose of Congress, as it is indicated by the decision of the United States Supreme Court hereinabove cited, was, it seems, to guarantee protection to innocent owners of automobiles or vehicles implicated in the illicit transportation or possession of liquor. The fact that the auto, in the instant case, was found with liquor along the roadway, and was not discovered in the act of transportation, created no difference in reference to the rights plaintiff had in asserting his ownership thereto.

The clause in the policy to which we have referred constituted a promissory warranty, and was so considered below, if we understand correctly the judgment of the district judge.

Considering the clause in that light, the question arises as to whether, under the facts of the case, plaintiff, by his failure to appear in court to assert his ownership of the auto, should be held to have breached his promissory warranty.

That clause, after saying that "the assured shall render all possible co-operation," continues, and states in connection therewith, "And execute all papers requested by the company to enable the company to secure all rights to which it may be entitled under the policy." It is certain that plaintiff manifested, at first, his entire willingness to comply with the last part of the clause, above reproduced, as it is shown that he voluntarily acceded to the request of defendant company by filing the intervention for the purpose of recovering the auto. After thus proffering his assistance, he thereafter refused to appear at court in Beaumont to establish his ownership under the intervention which was dismissed on that account, although the defendant company had offered to pay all his expenses to attend the trial.

Plaintiff testifies that he was requested by the company to go to Beaumont and give his evidence in the case. He says

that he consulted his attorney, who objected to the trip, stating that, if he went to Beaumont, he might be arrested for the transfer of the liquor. He admits in his testimony that he was not involved in the transfer of the liquor, but that, acting on the advice of his counsel, he refused to appear at the trial, and that the sole cause for his failure to be present was his fear of the probability of a charge being lodged against him.

Plaintiff, no doubt, had absolute confidence in the ability and integrity of his attorney. The fact is that, after he had given his assistance to defendant by executing the "papers," as requested by defendant company, his declination to appear in the intervention was the direct result of the advice he had received from his attorney. It is true that he says he had not been involved in the transportation of the liquor, but, however true that might have been, it was no guarantee that he would not have been subjected to detention, to give bond, etc., in case of an arrest for the violation of the National Prohibition Act. No one could guarantee him against such results, however innocent he might have been of any charge that might have been made against him. He kept away under advice of his counsel, and for no other reason, and the question arises, Was that a violation of his promissory warranty under the clause of the policy, where it says that "the assured shall render all possible co-operation" to defendant company? We do not think that the words "all possible co-operation" are intended to cover a case of this character, where the party, though willing to act, is placed under moral constraint and fear, resulting from the advice of his counsel. Placed in such a situation, and acting in obedience to such advice, we are of the opinion that there has been no violation of the warranty within the intendment of the clause upon which defendant company relies in its plea for the forfeiture of the policy.

The fact is that the general agent of the company residing in New Orleans wrote a letter April 24, 1930, to the Dan Chevrolet Sales Company of Lafayette, in which he says that the federal authorities did not want plaintiff to identify the stolen car, but desired to question him with regard to its confiscation, thinking he might have been implicated in the carrying of the liquor. It is not unreasonable to surmise, if such were the purpose of the federal authorities at the time, that plaintiff had just grounds to fear a possible arrest if he appeared in Beaumont for the trial of the case. This letter fortifies plaintiff's position in reference to his refusal to appear in the proceedings instituted for the confiscation of his auto under the National Prohibition Statute.

As heretofore stated, there was no violation of the promissory warranty of the policy by plaintiff.

The record shows that the papers to show the proof of loss were submitted to plaintiff by Mr. Lacoste, local agent of defendant company, and were not signed by plaintiff. This fact is established by the testimony of the plaintiff. The demand for the 25 per cent damages and attorney's fees under the provisions of Act No. 59 of 1921, Ex. Sess., was therefore properly disallowed below.

The lower court allowed $412.50 for the value of the auto at the time it was stolen. This was a fair allowance under the 75 per cent value limitation of the policy.

Finding no error in the judgment appealed from, it is hereby affirmed, with costs.