Alleging that defendant had issued a policy of insurance on his 1940 Chevrolet truck and that same had been destroyed by fire on August 25, 1947, plaintiff filed this suit for $500, value of truck, together with 25% additional as penalties and $100 as attorney's fees.
Defendant admitted the issuance of a policy covering plaintiff's truck and that same was damaged by fire as alleged, but set forth that plaintiff had admitted that he set fire to his own truck and burned it in order to collect insurance, and that this action made the policy null and void.
The answer further set forth that plaintiff had accepted $187.50 (the salvage value of the damaged truck, less $12.50 towing charges) in full settlement of his claim. Plaintiff's claim for penalties and attorney's fees was contested on the ground that no proof of loss had been filed as required by Act No. 59 of the Extra Session of 1921.
The District Court rendered judgment in favor of plaintiff for $275, which, on rehearing, was reduced to $225, and denied his demands for penalties and attorney's fees. From that judgment, both plaintiff and defendant prosecute this appeal.
The District Judge gave excellent reasons in his written opinion for holding that the defendant had failed to prove the charge that Rawls had intentionally set fire to the truck. We agree with this conclusion, believing it sufficient to note that there were no witnesses introduced who saw Rawls commit such an act and no corroboration of any sort of the adjuster's statement that Rawls had made such a confession to him. On the contrary, the record contained a statement from Rawls in the handwriting of the same adjuster, containing no hint of intentional burning, and setting forth the details of the accidental burning claimed by Rawls, whose testimony *Page 645 
was supported by his fifteen year old son who was called to help put out the fire.
The record supports the finding of the District Judge that the value of the truck at the time of the loss was $400.
We next consider the question of penalties and attorney's fees. Act No. 59 of the Extra Session of 1921 provides that in cases of this sort, an insurer must pay the amount due under the policy within sixty days of the date "upon which it received the proofs of loss offered by the assured," and upon failure to so do, the company shall be liable for 25% penalties on the total amount of the loss, together with reasonable attorney's fees, and that no such penalties or attorney's fees shall be due in the event the insurance company pays the assured within sixty days "from date upon which it received the proofs of loss". The record shows that blank forms for proof of loss were mailed by the company and received by plaintiff in September, 1947 and that these were never signed and returned by the plaintiff. Suit was instituted in November, 1947. Under these circumstances, the District Court correctly denied plaintiff's claims for penalties and attorney's fees. Fields v. Union Automobile Insurance Company of Los Angeles, Cal., 17 La. App. 78, 135 So. 276.
The judgment appealed from is affirmed. Costs of appeal to be paid by defendant.