On Application for Rehearing
PONDER, Justice.
We granted a rehearing in this case because counsel for the intervenor, the innocent owner of the truck and trailer, contends that we did not answer his argument that LSA-R.S. 47:866 prevents the forfeiture of his property.
The facts of the case are fully set forth in our original opinion and it is not necessary to repeat them. The sole question presented is whether or not the truck and trailer of the intervenor, who did not in any way participate in the violation of the Tobacco Tax Statute, can be forfeited by the State for the unlawful transportation of contraband cigarettes by the driver of the truck. The undisputed evidence in this case is to the effect that the intervenor, owner of the truck, did not in any way participate in the violation of the statute and that the violation of the statute by the driver of the truck was without his knowledge and consent.
LSA-R.S. 47:866 reads as follows:
“Any person who claims title to the seized property or any lien existing thereon prior to the date of seizure, and who did not in any respect participate in the violation of this Chapter, may file with the collector, under oath, a detailed statement of his claim, and the further fact that the claimant did not in any way participate in the violation of this Chapter, and thereafter the said property may be released by the collector and delivered to him; provided that the said claimant shall furnish to the collector a good and solvent surety bond, in a penal sum not less than double the appraised value of the goods seized, and in no event less than fifty dollars ($50.00), which said bond shall be conditioned to pay to the collector the appraised value of the goods, and all costs in the event the claimant does not prosecute his claim to successful judgment. If it is not practical to *201 make service upon the claimant to the seized property, or in case the claimant is a non-resident, the proceeding outlined in R.S. 47:865 may be used in order that the issue may be presented in a court of competent jurisdiction, thereby affording the claimant a fair opportunity to be heard. In the event bond has been furnished by the claimant and the property has been released to him, the judgment of the court if the contention of the collector is sustained, shall be directed against both the claimant and the surety on the bond together with all costs from the beginning of the seizure up to the final disposition and settlement of the case.
“If the claimant does not furnish bond as above provided, then the collector or his agent may proceed contradictorily against the claimant as set forth in R.S. 47:865. In no event shall the property be seized and sold without first affording the claimant a fair opportunity of being heard in a court of competent jurisdiction.”
The statute levying a tax on tobacco and providing penalties for failure to comply with its provisions are set forth in LSA-R.S. 47:841 to LSA-R.S. 47:869, inclusive.
From a reading of all the provisions of the statute, it is apparent that the conveyances of innocent persons cannot be forfeited. A reading of LSA-R.S. 47:860 shows that vehicles transporting the articles, without the tax having been paid or a bond furnished to secure the payment of it, may be seized for evidence. This provision evidently contemplates knowledge on the part of the owner that his vehicle was being used to transport cigarettes, etc. otherwise the previous payment of the tax and the securing of bond would not have been required.
LSA-R.S. 47:862 provides that it is unlawful to transport untaxed articles in any conveyance other than a common carrier without first obtaining a permit from the collector authorizing same. It is provided therein that the failure to obtain the permit will render such conveyance subject to seizure, forfeiture and sale in the manner thereinafter provided. It is to be observed that common carriers are excepted. It would seem that common carriers are exempt because they are regarded as innocent persons and cannot by the nature of things, examine each shipment made through them.
LSA-R.S. 47:863 authorizes summary proceedings or an action against the owner or operator demanding the forfeiture and sale of the conveyance used in the illegal transportation. It is provided in that section of the statute that if the residence of the owner is unknown that an attorney must be appointed to represent him but the attorney cannot waive time or any legal defense. The owner is afforded a fair opportunity for a hearing. It is only reasonable to conclude that the hearing is to determine *203 whether the owner had knowledge or participated in the violation of the statute.
Under Section 47:866 of the LSA-Revised Statutes the person claiming title to the property seized who did not participate in the violation of the statute may file his claim setting forth this fact and the property may be delivered to him. It is to be observed that the word “property” is used, which evidently refers to any and all property that is seized. The provision authorizing the claimant to furnish bond, in an amount not less than double the appraised value of the goods seized, conditioned to pay the value of the goods and costs if the claim is not prosecuted, to successful judgment, is the method to be used in fixing the amount of the bond for the release of the seized property. In other words, this section of the statute contemplates the release of the vehicle of the innocent owner and permits the innocent owner the privilege of bonding the property pending a hearing. The claimant is afforded a fair opportunity to be heard and “In no event shall the property be seized and sold without first affording the claimant a fair opportunity of being heard in a court of competent jurisdiction.”
It would appear that throughout the statute the right of an innocent person is protected and his property is not subject to seizure and sale for some act committed by another person without his knowledge and consent and in which he in no way participated.
In the case of Oyster Commission of Louisiana v. Schooner Carroll C, 6 Orleans App. 51, the forfeiture statute did not provide for the citing of the owner of the vessel or afford him a hearing, consequently it is not applicable; moreover, it was a proceeding under Section 26 of Act 52 of 1904. Section 26 has been repealed by Act 54 of 1914 and reenacted so as to protect the innocent owner of the vessel used in the the violation of the statute. (See Section 23 of Act 54 of 1914).
In the case of State v. Cook, 203 La. 95, 13 So.2d 478, the rights of an innocent person were not involved.
It is true that in the case of Van Oster v. State of Kansas, 272 U.S. 465, 47 S.Ct. 133, 71 L.Ed. 354, 47 A.L.R. 1044, the court held that the automobile of an innocent owner, used in the illegal transportation of liquor, without his knowledge or consent, was subject to forfeiture but the proceeding in the Van Oster case was brought under a Kansas statute of similar import to Section 3450, U.S. Revised Statutes, 26 U.S. C.A. § 1181, now 26 U.S.C.A. § 3321, which is a statute dealing with transporting commodities with intent to defraud the United States government of a tax. The Supreme Court of the United States in a later case pointed out the difference between Section 3450 and Section 26, Title 11 of the National Prohibition Act, Oct. 28, 1919, chapter 85, 41 Stat. at L. 305, 315, Title 27 U.S.C.A. § 40, and states that section 26 protects the *205 innocent lienor, which is in direct conflict with the forfeiture provision of Section 3450 and supersedes Section 3450 in proceedings involving the violation of the National Prohibition Act. The effect of the later decision is that the general provisions contained in Section 3450 must yield to Section 26 which is the law dealing with the particular subject. In other words, the law relating to the subject matter must be proceeded with under that particular statute rather than a general statute. Richbourg Motor Co. v. United States, 281 U.S. 528, 50 S.Ct. 385, 74 L.Ed. 1016, 73 A.L.R. 1081.
The Van Oster case and the decisions following it are no longer applicable since the decision in the Richbourg case.
In the case of Fields v. Union Auto Insurance Co., 17 La.App. 78, 135 So. 276, the doctrine laid down in the Richbourg case was followed and it was held that the innocent owner of an automobile, which was stolen and subsequently found loaded with whiskey, is protected in his ownership even if the driver of the stolen automobile had been convicted under the provisions of Section 3450, United States Revised Statutes, U.S.C. title 26, para. 1181, and that the automobile was not, therefore, subject to forfeiture. Adverting to the Richbourg case, it is significantly pointed out that the conclusion reached therein was not without support of the legislative history of Section 26 in that when Congress amended this section so as to protect innocent lienholders that the sponsor of the amendment pointed out that the procedure prescribed by the section, as originally drawn, protected the interest of the innocent owner and that the amendment was designed to save from forfeiture the interest of the innocent lienors and innocent owners alike.
It is true that the Court of Appeal in the case of Supervisor of Public Accounts v. Schilling, 169 So. 126, held that the provision relating to the forfeiture of vehicles used to transport untaxed liquors made no express exception in favor of the owner, mortgagee or lienholder, whether innocent or otherwise, but the later case of State v. Washington, 172 So. 195, held just the contrary. In the Washington case it was held that the automobile transporting intoxicating liquors could not be forfeited where the owner was innocent and unaware that there was liquor in the automobile. It was pointed out therein that the cases dealing with the forfeiture of the facility used in transporting untaxed liquors were proceedings in re wherein the owner was not cited and that our statute requires that the owner be cited and that other safeguards are provided therein against injustice being done him.
The legislature of this state has met on many occasions since the Washington case was decided and has not seen fit to amend or clarify the statute. The cases cited herein involving the liquor tax statute which contains almost identical provisions as that *207 contained in the Tobacco Tax Statute are applicable in the determination of this cause.
The action authorized against the owner in our statute is not, strictly speaking, one against the res because LSA-R.S. 47:863 authorizes summary proceedings or an action against the owner or operator of the conveyance demanding its forfeiture whereas under LSA-R.S. 47:865 the proceedings against the contraband articles is a proceeding in rem directed against the owner. If a proceeding against the res in regard to the conveyances had been authorized there would be no necessity for citing the owner or granting him a hearing. It might be suggested that the provisions relating to citation and a hearing were placed in the statute to satisfy the due process clause but there would be no necessity for such because many prior cases decided by the United States Supreme Court and relied upon in the Van Oster case involved statutes containing no such provisions and it was held that they did not violate the due process clause.
From a reading of the entire statute, it is apparent that the legislature had no intention of penalizing an innocent owner who in no way participated in the violation of the statute for the wrongful acts of another. To give the statute any other construction or interpretation would result in an injustice to an innocent person, which we do not believe the legislature ever intended and would ascribe to the legislative department an indifference to fundamental constitutional principles not warranted so long as another construction is possible.
 The discretion given the courts in matters of forfeiture under the statute is wide but not unfettered and must rest upon the record. The burden of proof is upon the claimant, forfeiture being the rule and release therefrom the exception as indicated by the wording of the statute itself.
For the reasons assigned the judgment of the district court is reversed and set aside and it is now ordered that the rule be discharged and plaintiff’s suit dismissed.
HAWTHORNE, J., dissents with written reasons.
MOISE, J., dissents with reasons.